IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

| | |
|---|---|
| AMERICAN STORES PROPERTIES, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>DEARBORN CONSTRUCTION, INC., an Idaho corporation, and PERRY BROUGHTEN TRUCKING & EXCAVATING, INC., a Delaware corporation,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. 2002-L-0147<br><br>Judge Graves |

## NOTICE OF DEPOSITION

To: Mr. Richard M. Johnson, Jr.
     Mr. Christian D. Ambler
     Stone & Moore, Chtd.
     30 North LaSalle Street
     Suite 4300
     Chicago, IL 60602

Mr. William J. Knapp, Esq.
Ms. Elizabeth A. Bradley, Esq.
Knapp, Ohl & Green
22 Ginger Creek Parkway
P.O. Box 760
Glen Carbon, IL 62034

YOU ARE HEREBY NOTIFIED that pursuant to the provisions of Section 2-1003 of the Code of Civil Procedure and Rules 201 *et seq.* of the Illinois Supreme Court the deposition of:

**TRACY HEATH**

will be taken for the purposes of discovery before a Notary Public in and for the County of Macoupin and State of Illinois on June 8, 2004, at the hour of 4:30 p.m., at The Curry Companies, 21149 Route 4, Carlinville, Illinois 62626.

AMERICAN STORES PROPERTIES, INC.

By: _____
     One of Its Attorneys

**CRAIG R. MARIGER**
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT 84101
Telephone: (801) 521-3200
Facsimile: (801) 328-0537

**STEVEN P. ROUSE**
**PAUL PORVAZNIK**
Menges & Molzahn, L.L.C.
20 North Clark, Suite 2300
Chicago, IL 60602
Telephone: (312) 917-1880
Facsimile: (312) 917-1851

646323v1

## PROOF OF SERVICE

I, Sandi L. Davis, hereby certify that a copy of the foregoing Notice of Deposition was mailed and faxed to:

Mr. Richard M. Johnson, Jr.
Mr. Christian D. Ambler
Stone & Moore, Chtd.
30 North LaSalle Street
Suite 4300
Chicago, IL 60602
Fax: 312-332-5858
**Attorneys for Dearborn Construction, Inc.**

Mr. William J, Knapp, Esq.
Ms. Elizabeth A. Bradley, Esq.
Knapp, Ohl & Green
22 Ginger Creek Parkway
P.O. Box 760
Glen Carbon, IL 62034
Fax: 618-656-5466
**Attorneys for Perry Broughten Trucking & Excavating, Inc.**

by depositing the same in the U. S. Mail located at 170 South Main Street, Salt Lake City, UT 84101, on the 2nd day of June, 2004 at or about 5:00 p.m. and by transmitting the same by facsimile transmission to the fax numbers set forth above.

*/s/ Sandi L. Davis*

646323v1

2

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

| | |
|---|---|
| AMERICAN STORES PROPERTIES, INC., a Delaware corporation, </br></br> Plaintiff, </br></br> vs. </br></br> DEARBORN CONSTRUCTION, INC., an Idaho corporation, and PERRY BROUGHTEN TRUCKING & EXCAVATING, INC., a Delaware corporation, </br></br> Defendants. | No. 2002-L-0147 </br></br> Judge Graves |

### NOTICE OF DEPOSITION

To: Mr. Richard M. Johnson, Jr.
Mr. Christian D. Ambler
Stone & Moore, Chtd.
30 North LaSalle Street
Suite 4300
Chicago, IL 60602

Mr. William J, Knapp, Esq.
Ms. Elizabeth A. Bradley, Esq.
Knapp, Ohl & Green
22 Ginger Creek Parkway
P.O. Box 760
Glen Carbon, IL 62034

YOU ARE HEREBY NOTIFIED that pursuant to the provisions of Section 2-1003 of the Code of Civil Procedure and Rules 201 *et seq.* of the Illinois Supreme Court the deposition of:

**SCOTT ROBERTS**

will be taken for the purposes of discovery before a Notary Public in and for the County of Macoupin and State of Illinois on June 8, 2004, at the hour of 4:30 p.m., at The Curry Companies, 21149 Route 4, Carlinville, Illinois 62626.

AMERICAN STORES PROPERTIES, INC.

By: _____
One of Its Attorneys

**CRAIG R. MARIGER**
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT 84101
Telephone: (801) 521-3200
Facsimile: (801) 328-0537

**STEVEN P. ROUSE**
**PAUL PORVAZNIK**
Menges & Molzahn, L.L.C.
20 North Clark, Suite 2300
Chicago, IL 60602
Telephone: (312) 917-1880
Facsimile: (312) 917-1851

646324v1

## PROOF OF SERVICE

I, Sandi L. Davis, hereby certify that a copy of the foregoing Notice of Deposition was mailed and faxed to:

| | |
|---|---|
| Mr. Richard M. Johnson, Jr. | Mr. William J, Knapp, Esq. |
| Mr. Christian D. Ambler | Ms. Elizabeth A. Bradley, Esq. |
| Stone & Moore, Chtd. | Knapp, Ohl & Green |
| 30 North LaSalle Street | 22 Ginger Creek Parkway |
| Suite 4300 | P.O. Box 760 |
| Chicago, IL 60602 | Glen Carbon, IL 62034 |
| Fax: 312-332-5858 | Fax: 618-656-5466 |
| **Attorneys for Dearborn Construction, Inc.** | **Attorneys for Perry Broughten Trucking & Excavating, Inc.** |

by depositing the same in the U. S. Mail located at 170 South Main Street, Salt Lake City, UT 84101, on the 2nd Day of June, 2004 at or about 5:00 p.m. and by transmitting the same by facsimile transmission to the fax numbers set forth above.

*Sandi L. Davis*

783.55 JCB

# SAFECO

**SAFECO PROPERTY & CASUALTY INSURANCE COMPANIES**

American States Insurance Company

500 North Meridian
Indianapolis, In 46204

Phone:   (800) 332-3226
         (800) 332-3226
Fax:     (888) 268-8840
www.safeco.com

Mailing address:
P.O. Box 461
St. Louis, Mo 63166

December 08, 2004

Rusin, Maciorowski & Friedman
10 South Riverside Plaza
Ste 1530
Chicago, IL  60606

```
PLEASE SEE THE ENCLOSED DOCUMENT(S).
ORIGINAL(S) SENT TO:

CURRY ICE & COAL  OF CARLINVILLE, INC.
RR 2 BOX 50
CARLINVILLE, IL  62626
```



**SAFECO PROPERTY & CASUALTY INSURANCE COMPANIES**

American States Insurance Company

500 North Meridian
Indianapolis, In 46204

Phone:  (800) 332-3226
         (800) 332-3226
Fax:    (888) 268-8840
www.safeco.com

Mailing address:
P.O. Box 461
St. Louis, Mo 63166

Via Certified Mail – Return Receipt Requested and
Regular Mail and Facsimile to 217-854-2740

**The Curry Companies**
Corporate Headquarters
21149 Route 4
Carlinville, IL  62626

Attn:   Bruce Garner, Chief Operating Officer; and
        Paul Leefers, Safety Department

    Re:   Your Letter of December 11, 2004
          Safeco (ASI) Policy:  1-CE-43022-1
          Effective:  9/4/98 – 9/4/99
          and
          American Stores, Etc.  v. Dearborn Construction, et al v. Curry Ice & Coal, Inc.,
          et al, Circuit Court of Sangamon County, Illinois No. 2002-L-0147

To Whom It May Concern:

### DENIAL AND DISCLAIMER OF COVERAGE

Safeco/American States Insurance is in receipt of:

1.  A Third-Party Complaint and Summons filed against Curry by Perry Broughton Trucking and Dearborn Construction, Inc., styled as:

    American Stores, Etc.  v. Dearborn Construction, et al v. Curry Ice & Coal, Inc., et al, No. 2002-L-0147; and

2.  Paul Leefers' letter dated November 11, 2004.

CA1761 /EF 4/01

This claim involves the allegations of American Stores Property, Inc. which is allegedly claiming damage for the construction of an owned facility known as Osco Drug Store No. 5310, 2309 South MacArthur Boulevard, Springfield, Illinois.

Mr. Leefers' letter of November 11, 2004 alleges as follows:

"It is important to note that the following carriers have been put on notice regarding this matter as requested by Joe Fechter of Bituminous Casualty Corporation – (800) 723-8632 the first carrier contacted regarding this claim.

Bituminous Casualty Corporation – Policy CLP 2290332 –
Effective 09/04/1997 – 09/04/1998
American States Insurance – Policy 1-CE-43022-1 –
Effective 0904/1998 – 09/04/1999
Star Insurance Company – Policy GL0122071 –
Effective 09/04/1999 – 09/04/2001
Star Insurance Company – Policy GL0122071-01 –
Effective 09/04/2001 – 09/04/2002
Burlington Insurance Company – Policy HGL0001845 –
Effective 09/04/2003 – 09/04/2003
Mt. Hawley Insurance Company – Policy MGL0132789 –
Effective 09/04/2003 – 09/04/2004."

We must advise you at this time that because of the provisions of our policy, we are disclaiming any and all coverage to The Curry Companies and all affiliated companies for this action.

From your correspondence, it appears that you are placing us on notice as to the aforementioned complaint seeking recovery for an oral agreement for the delivery of ash to the aforementioned store on May 12, 1998.

It also appears that without any notice to Safeco (ASI), that your company had notice of this claim on or before April 1, 2004 when it was issued and complied with a subpoena for documents and also presented your employees for deposition.

Neither Safeco (ASI) nor any of its agents were given any notice of the incident or claim until November 11, 2004. This is a clear breach of our policy conditions. Moreover, Safeco (ASI) denies that the claim alleged is an occurrence or damage to property under the policy conditions and endorsements. Further, Curry's direct participation with the April, 2004, et al subpoenas by the furnishing of documents and employees to attorneys associated with the claim is a breach of the cooperation clause of the policy. In addition, the events described are not an occurrence or otherwise under the terms and conditions of the policy.

The provisions and endorsements of the policy are outlined below:

## POLICY PROVISIONS

"SECTION I – COVERAGES

**COVERAGE A. Bodily Injury and Property Damage Liability**

1. **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suite" seeking those damages. However, we will have no duty to defend the insured against any "suite" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    . . .

    c.  A claim by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

    (1) When notice of such claim is received and recorded by any insured or by us, whichever comes first; or

    (2) When we make settlement in accordance with paragraph 1.a. above.

    . . .

    All claims for damages because of "property damage" causing loss to the same person or organization will be deemed to have been made at the time the first of those claims is made against any insured.

2. **Exclusions**

    This insurance does not apply to:

    a.  **Expected or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    b.  **Contractual Liability**

    "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

    . . .

    l.  **Damage to Your Work**

    "Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard."

    This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

    m.  **Damage to Impaired Property or Property Not Physically Insured**

    "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.**    **Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

    (1)    "Your product";
    (2)    "Your work"; or
    (3)    "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

## COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY

**1.**    **Insuring Agreement**

    . . .

**2.**    **Exclusions**

    a.    "Personal injury" or "advertising injury":

      . . .

      (4)    For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in absence of the contract or agreement; or

      (5)    Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

## SECTION II – WHO IS AN INSURED

1.    . . .

    (2)    "Property damage" to property:

      (a)    owned, occupied or used by,

      (b)    Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

you, any of your "employees", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

. . .

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

. . .

**2.**    **Duties In the Event Of Occurrence, Offense, Claim Or Suit**

a.  You must see to it that we are notified as soon as practicable of an "occurrence" or offense which may result in a claim. To the extent possible, notice should include:

   (1) How, when and where the "occurrence" or offense took place;

   (2) The names and addresses of any injured persons and witnesses; and

   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.  If a claim is received by any insured, you must:

   (1) Immediately record the specifics of the claim and the date received; and

   (2) Notify us as soon as practicable

   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   . . .

   This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

   (1) That is effective prior to the beginning of the policy period shown in the Declarations of this insurance and applies to "bodily injury" or "property damage" on other than a claims-made basis, if:

   . . .

c.  You and any other involved insured must:
   (1) <u>Immediately send us copies</u> of any demands, notices, summonses or legal papers received in connection with the claim or "suit,"
   (2) Authorize us to obtain records and other information;
   (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit," and,
   (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.  <u>No insureds will, except at their own cost, voluntarily make a payment</u>, assume any obligation, or incur any expense, other than for first aid, without our consent."

   . . .

**SECTION V – DEFINITIONS**

   . . .

7.  "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a.  It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b.  You have failed to fulfill the terms of a contract or agreement;

   If such property can be restored to use by:

   a.  The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b.  Your fulfilling the terms of the contract or agreement.

12.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful condition.

. . .

14.     "Products-completed operations hazard":

   **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   (1) Products that are still in your physical possession; or

   (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

   (a) When all of the work called for in your contract has been completed.

   (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

   (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

. . .

15.     "Property damage" means:

   **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . .

18. . . .

   "Your product" includes:

   **a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

   **b.** The providing of or failure to provide warnings or instructions.

   "Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

19.     "Your work" means:

   **a.** Work or operations performed by you or on your behalf; and

  **b.**  Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

  **a.**  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

  **b.**  The providing of or failure to provide warnings or instructions.

. . ."

  As you can see, the conditions of our policy require that Curry sees to it that we are notified as soon as practicable of an occurrence or offense which may result in a claim. In addition, it is apparent that the event described is not an "occurrence" as defined by the terms and conditions of the policy. In additions, our first notice of this loss occurred over six years after the delivery and over seven months since you had full knowledge a claim was being made against Curry with particulars of facts, dates and locations. It is clear you are a person designated by an executive officer to give us notice of claims being brought against our policy. Because of this, we must disclaim coverage to Curry and all affiliated companies. <u>We will not pay on your behalf any damages arising from this action or any settlements. We will not provide you with a defense or defense costs in relation to this suit. We recommend you contact your own counsel to take over the defense of this suit and protect your interests.</u>

  It is our understanding from Bituminous that the third party plaintiff has extended the time for you to answer or otherwise plead to and including January 5, 2005. While I generally do not make it a habit to rely on such representations; I must suggest that you retain counsel as soon as possible to confirm same to avoid the risk of a default.

  If you have any questions on our position on coverage as outlined above, you may contact this writer at (317) 262-7515.

Very truly yours,

SAFECO /AMERICAN STATES<br>
INSURANCE COMPANY

J. Dennis Kubal

JDK/GGV/cn

cc: Bituminous Casualty Corporation
   Star Insurance Company
   Burlington Insurance Company
   Mt. Hawley Insurance Company
   Rusin Maciorowski & Friedman, Ltd.