UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CURRY ICE & COAL, INC.; DEARBORN )<br>CONSTRUCTION, INC., an Idaho corporation; )<br>PERRY BROUGHTON TRUCKING & )<br>EXCAVATING, INC., a Delaware corporation )<br>ARCHER DANIELS MIDLAND COMPANY; )<br>and AMERICAN STORES PROPERTIES, INC., )<br>a Delaware corporation, )<br>)<br>Defendants. ) | No.: 04-3276 |

## NOTICE OF MOTION

TO:   ATTORNEYS OF RECORD ON ATTACHED SERVICE LIST

On _____ at _____ .m. or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Judge John M. Waters, U.S. District Court, Central District of Illinois**, Chicago, Illinois and then and there present **PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**, a copy of which is attached hereto and served upon you.

By: /s/ Gregory G. Vacala
Gregory G. Vacala
One of the Attorneys for:
Plaintiff, AMERICAN STATES INSURANCE COMPANY

Gregory G. Vacala #6184543
James C. Barrow #6269376
RUSIN MACIOROWSKI & FRIEDMAN, LTD.
10 South Riverside Plaza
Suite 1530
Chicago, Illinois 60606
Tel: (312) 454-5110
Fax: (312) 454-6166
'00296467.DOC

## **CERTIFICATE OF SERVICE**

    The undersigned, a non-attorney, hereby certifies pursuant to Section 1-109 of the Code of Civil Procedure that he/she served a copy of the foregoing document on all counsel of record by faxing/mailing same first class postage prepaid on the 8th day of March, 2005.

_____
Vester T. Holman, Jr.

Gregory G. Vacala #6184543
gvacala@rusinlaw.com
James C. Barrow  #6269376
jbarrow@rusinlaw.com
**RUSIN MACIOROWSKI & FRIEDMAN, LTD.**
10 S. Riverside Plaza, Suite 1530
Chicago, IL  60606
Tel: 312-454-5110; Fax: 312-454-6166
**Attorneys for Plaintiff, American States Insurance Company**
Their File No.: 783.55

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY,  )<br>                                    Plaintiff,  )<br>        v.                          )<br>CURRY ICE & COAL, INC.; DEARBORN    )<br>CONSTRUCTION, INC., an Idaho corporation;  )<br>PERRY BROUGHTON TRUCKING &          )<br>EXCAVATING, INC., a Delaware corporation  )<br>ARCHER DANIELS MIDLAND COMPANY;     )<br>and AMERICAN STORES PROPERTIES, INC.,  )<br> a Delaware corporation,             )<br>                                    Defendants.  ) | No.: 04-3276<br><br>Judge Jeanne E. Scott<br><br>Magistrate Judge Byron C. Cudmore |

---

# SERVICE LIST

**Attorneys for Defendant, American Stores Properties, Inc., a Delaware corporation**
Steven P. Rouse
Randy Talan
**Menges & Molzahn, LLC**
20 North Clark Street, Suite 2300
Chicago, Illinois  60602-5002
Tel:  312-917-1880; Fax: 312-917-1851

**Attorneys for Defendant, Archer-Daniels Midland Company**
Jerrold H. Stocks
**Winters, Featherstun, Gaumer, Postlewait, Stocks & Flyn**
P.O. Box 1760
Decatur, IL  62526
Tel:  217-429-4453; Fax: 217-425-8892
(Street Address:  225 North Water Street, Suite 200, Decatur, IL  62523)
*(WAIVER RECEIVED 1/31/05)*

**Midwest Engineering Services, Inc.**
R W Hahn
605 West John
Champaign, IL 61820

**Dearborn Construction, Inc.**
Agent: Daniel B. Dearborn
815 Park Boulevard, Suite 100
Boise, ID 83712

**Dearborn Construction, Inc.**
Stuart C. King
815 Park Boulevard, #100
Boise, ID 83712

**Archer Daniels Midland**
Agent: C T Corporation System
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604
*(WAIVER RECEIVED 1/31/05)*

**Archer Daniels Midland Company**
P P Muhollem
4666 Faries Parkway
Decatur, IL 62526
*(WAIVER RECEIVED 1/31/05)*

**Curry Ice & Coal, Inc.**
James Ray Curry
19339 Hurricane Drive
Carlinville, IL 62626
*(WAIVER RECEIVED)*

**American Stores Properties, Inc.**
Paul G. Rowan
250 Parkcenter Boulevard
P.O. Box 20
Boise, ID 83726
*(WAIVER RECEIVED)*

**American Stores Properties, Inc.**
Illinois Corporation Service
801 Adlai Stevenson Drive
Springfield, IL 62703-4261
*(WAIVER RECEIVED)*

**Perry Broughton Trucking and Excavating, Inc.**
Agent: Ralph Dawden
110 S. Cleveland
Farmersville, IL 62533

**Perry Broughton Trucking and Excavating, Inc.**
Rachel A. Broughton
8324 N. 35th Avenue
Pawnee, IL 62558

*******

*Also on Debbie Rettke's List #279015, 1/5/05 "List of all served on dec action" but no letter and waiver in Correspondence, although other people at other locations were served for the same companies as listed above – PLEASE ADVISE IF YOU WANT TO INCLUDE ON THIS LIST…. I'D HAVE TO SEARCH FILE TO FIND OUT WHERE SHE GOT THESE ADDRESSES… AND WHY NO COPIES OF LETTER/WAIVER TO THEM, WHILE OTHERS LISTED ABOVE WERE SENT TO MORE THAN ONE CONTACT….cn 3/4/05:*

*Midwest Engineering Services, Inc.*
*Agent: Robert William Hahn*
*501 Mercury Drive*
*Champaign, Illinois 61822*

*Dearborn Construction, Inc.*
*Agent: John Charles Wojteczko*
*77 W. Washington, Suite 1119*
*Chicago, Illinois 60602*

*Curry Ice & Coal, Inc.*
*Agent: Jim Curry*
*21149 Rt. 4*
*Carlinville, Illinois 62626*
**(WAIVER RECEIVED)**

Service List (00295152.DOC)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AMERICAN STATES INSURANCE COMPANY, )
)
                 Plaintiff, )
)
            v. )    No.: 04-3276
)
CURRY ICE & COAL, INC.; DEARBORN )
CONSTRUCTION, INC., an Idaho corporation; )
PERRY BROUGHTON TRUCKING & )
EXCAVATING, INC., a Delaware corporation )
ARCHER DANIELS MIDLAND COMPANY; )
and AMERICAN STORES PROPERTIES, INC., )
a Delaware corporation, )
)
                Defendants. )

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**
(All Emphasis Added)

NOW COMES Plaintiff, AMERCIAN STATES INSURANCE COMPANY, by Gregory G. Vacala and Rusin Maciorowski & Friedman, Ltd., its attorneys and requests leave to file an Amended Complaint, in lieu of response to Defendant, American Stores Properties, Inc.'s Motion to Dismiss pursuant to 12(b), and states as follows:

1. On February 16, 2005, defendant, American Stores Properties, Inc, filed its 12 (b) (1) Motion to Dismiss.

2. On March 4, 2005, plaintiff filed its Emergency Motion, requesting an extension to file its response to defendant's motion.

3. In lieu of filing a response, plaintiff requests leave of Court to file an Amended Complaint, instanter. A copy of the Amended Complaint is attached as **Exhibit A**.

4. Counsel for defendant, Steven P. Rouse, has no objections to plaintiff's request.

WHEREFORE, AMERCIAN STATES INSURANCE COMPANY, respectfully, requests leave to file an Amended Complaint, in lieu of response to Defendant, American Stores Properties, Inc's Motion to Dismiss pursuant to 12(b) and any further appropriate relief.

Respectfully submitted,

By: _____
Gregory G. Vacala
One of the Attorneys for:
Plaintiff, AMERICAN STATES INSURANCE COMPANY

Gregory G. Vacala #6184543
James C. Barrow #6269376
RUSIN MACIOROWSKI & FRIEDMAN, LTD.
10 South Riverside Plaza
Suite 1530
Chicago, Illinois 60606
Tel: (312) 454-5110
Fax: (312) 454-6166
F:\DOCS\0783\55\00296459.DOC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY, )<br>)<br>Plaintiff,    )<br>)<br>v.    )<br>)<br>CURRY ICE & COAL, INC.; DEARBORN    )<br>CONSTRUCTION, INC., an Idaho corporation;    )<br>PERRY BROUGHTON TRUCKING &    )<br>EXCAVATING, INC., a Delaware corporation    )<br>ARCHER DANIELS MIDLAND COMPANY;    )<br>and AMERICAN STORES PROPERTIES, INC.,    )<br> a Delaware corporation,    )<br>)<br>Defendants.    ) | No.: |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, AMERICAN STATES INSURANCE COMPANY, by its attorneys, RUSIN MACIOROWSKI & FRIEDMAN, LTD., and for its Amended Complaint for Declaratory Judgment against the Defendant, CURRY ICE & COAL, INC.; DEARBORN CONSTRUCTION, INC., an Idaho corporation; PERRY BROUGHTON TRUCKING & EXCAVATING, INC., a Delaware corporation; ARCHER DANIELS MIDLAND COMPANY; and AMERICAN STORES PROPERTIES, INC., a Delaware corporation, state as follows:

### JURISDICTION

1.    Plaintiff, AMERICAN STATES INSURANCE COMPANY (hereinafter "AMERICAN STATES"), at all relevant times and material hereto was a corporation duly incorporated in Indiana and licensed to issue policies of insurance in the State of Illinois.

2.    Defendant, CURRY ICE & COAL, INC. (hereinafter "CURRY"), is a Delaware corporation having its principal place of business other than the State of Indiana. CURRY is a


EXHIBIT A

third-party defendant in the lawsuit styled as case number 2002 L 0147 in the Circuit Court of Sangamon County (hereinafter "underlying lawsuit"). A copy of the third-party complaint lawsuit is attached hereto and incorporated herein as "Exhibit 1".

3. Defendant, AMERICAN STORES PROPERTIES, INC. (hereinafter "ASPI"), is a plaintiff in the underlying lawsuit. ASPI is a Delaware corporation having its principal place of business other than the State of Indiana. ASPI is joined as a necessary party and will be dismissed if it agrees to be bound by the judgment herein.

4. Defendant, DEARBORN CONSTRUCTION, INC. (hereinafter "DEARBORN"), is a defendant and third-party plaintiff in the underlying lawsuit. DEARBORN is an Idaho corporation having its principal place of business other than the State of Indiana. DEARBORN is joined as a necessary party and will be dismissed if it agrees to be bound by the judgment herein.

5. Defendant, PERRY BROUGHTON TRUCKING & EVCAVATING, INC. (hereinafter "BROUGHTON"), is a defendant in the underlying lawsuit. BROUGHTON is a Delaware corporation having its principal place of business other than the State of Indiana. BROUGHTON is joined as a necessary party and will be dismissed is it agrees to be bound by the judgment herein.

6. Defendant, ARCHER DANIELS MIDLAND COMPANY. (hereinafter "ARCHER") is a third-party defendant in the underlying lawsuit. ARCHER is a Delaware corporation having its principal place of business other than the State of Indiana. ARCHER is joined as a necessary party and will be dismissed if it agrees to be bound by the judgment herein.

7. Defendant, MIDWEST ENGINEERING SERVICES, INC. (hereinafter "MIDWEST"), is a third-party defendant in the underlying lawsuit. MIDWEST is an Illinois

corporation having its principal place of business other than the State of Indiana. MIDWEST is joined as a necessary party and will be dismissed if it agrees to be bound by the judgment herein.

8.  Plaintiff in the underlying lawsuit seeks damages not less than $1,000,000. ASPI filed its Second Amended Complaint against various defendants, including BROUGHTON, seeking damages not less than $1,000,000 for damages as alleged in the underlying event or claim. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by U.S.C. § 1332.

## COUNT I
## CURRY ICE & COAL, INC. – LATE NOTICE

9.  AMERICAN STATES issued a policy of insurance, including a Commercial General Liability Form Number naming CURRY a named insured effective September 4, 1997 to September 4, 1998 (hereinafter "policy"). A copy of the insurance policy is attached hereto and incorporated herein as "Exhibit 2".

10. The third-party complaint in the underlying lawsuit states BROUGHTON sustained damages due to the negligence of CURRY due to CURRY'S delivery of "ash that was not of Good quality." BROUGHTON is seeking contribution for damages from CURRY arising out of defective ash as alleged in the Second Amended Complaint filed by ASPI.

11. On April 1, 2004, plaintiff in the underlying lawsuit placed CURRY on notice of an event or claim when it issued a Subpoena Duces Tecum to CURRY. See subpoena attached as "Exhibit 3".

12. The subpoena requested documents as follows:

> "   1.   Documents which mention, refer to or concern the hauling and/or sale of flyash, ash, bottom ash and/or scrubber sludge for use as structural fill and/or the chemical treatment of fill

at the Osco Drug Store located at Mac Arthur Boulevard and Outer Park Road in Springfield, Illinois.

2. Documents which mention, refer to or concern the "ash" referred to on the Freight Bill attached hereto as Exhibit "A".

3. Documents which mention, refer to or concern the sale and/or delivery by CURRY OFFICE SUPPLY, INC., CURRY ICE & COAL, INC., and/or CURRY ICE & COAL OF CARLINVILLE, INC., (collectively, "CURRY) of the "ash" referred to in the Freight Bill attached hereto as Exhibit "A".

4. Documents which mention, refer to or concern the hauling, sale and/or delivery by CURRY of flyash, ash, bottom ash and/or scrubber sludge for or to PERRY BROUGHTEN TRUCKING & EXCAVATING, INC., ("BROUGHTEN") during May 1998.

5. Documents which mention, refer to or concern the source, method of collection, method of processing and/or storage, chemical composition, physical properties, or uses of flyash, ash, bottom ash and/or scrubber sludge hauled, sold and/or delivered by CURRY for or to BROUGHTEN during May, 1998."

13. On May 5, 2004 CURRY responded to plaintiff's subpoena by providing all documents in its possession. See letter dated May 5, 2004 attached as "Exhibit 4".

14. On or about June 2, 2004, CURRY once again had notice when Bruce Garner, Chief Operating Officer for CURRY, agreed to produce CURRY employees, Tracy Heath and Scott Roberts for their respective discovery deposition regarding the underlying event or claim. See letter dated June 2, 2004 attached as "Exhibit 5".

15. On June 8, 2004, with knowledge of the underlying event or claim, CURRY produced its employees, Tracy Heath and Scott Roberts, for their discovery deposition regarding the underlying event or claim.

16. On July 27, 2004, BROUGHTON filed its third party complaint against CURRY.

17. On November 9, 2004, AMERICAN STATES was notified for the first time of the underlying event or claim.

18. Prior to November 9, 2004, AMERICAN STATES was not notified of the underlying event or claim by CURRY.

19. Prior to November 9, 2004, AMERICAN STATES was not notified by anyone regarding the underlying event or claim.

20. Prior to November 9, 2004, AMERICAN STATES was not aware of the underlying event or claim.

21. On November 11, 2004, CURRY for the first time provided AMERICAN STATES with documents in its possession regarding the underlying event or claim.

22. Prior to November 11, 2004, AMERICAN STATES did not have any legal documents or pleadings regarding the underlying event or claim.

23. The policy, endorsement ILLINOIS CHANGES, which modifies **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS,** states as follows:

> "Condition 2. DUTIES IN THE EVENT OF OCCURENCE, CLAIM OR SUIT (SECTION IV) is replaced by the following:
>
> 2. **Duties In the Event of Event or claim, Offense, Claim or Suit.**
>
> a. You must see to it that we are <u>notified as soon as practicable</u> of an "event or claim" or an offense which may result in a claim. To the extent possible, notice should include:
> (1) How, when and where the "event or claim" or offense took place;
> (2) The names and addresses of any injured persons and witnesses; and
> (3) The nature and location of any injury or damage arising out of the "event or claim or offense.
>
> b. If a claim is made or "suit" is brought against any insured, you must:
> (1) Immediately record the specifics of the claim or "suit" and the date received; and,

> (2) <u>Notify us as soon as practicable</u>.
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
> **c.** You and any other involved insured must:
> (1) <u>Immediately send us copies</u> of any demands, notices, summonses or legal papers received in connection with the claim or "suit,"
> (2) Authorize us to obtain records and other information;
> (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit," and,
> (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.
>
> **d.** <u>No insureds will, except at their own cost, voluntarily make a payment</u>, assume any obligation, or incur any expense, other than for first aid, without our consent."

24. The subpoena issued April 1, 2004, requested information and documents regarding the use, collection, sale and delivery of flyash, ash and/or scrubber sludge. The subpoena was sufficient to put CURRY on notice of the possibility of a lawsuit for damages against CURRY.

25. The June 2, 2004 request for the depositions of CURRY employees was sufficient to put CURRY on notice of the possibility of a lawsuit for damages against CURRY.

26. The June 8, 2004 depositions of the CURRY employees were sufficient to put CURRY on notice of the possibility of a lawsuit for damages against CURRY.

27. The events as stated in the third party complaint in the underlying lawsuit constitute an "event or claim" as defined by the policy.

28. On April 1, 2004, CURRY, was aware possible injuries which may result in a claim or lawsuit against CURRY.

29. On April 1, 2004, CURRY, was aware of an event or claim which could possibly result in a claim or lawsuit against CURRY.

30. CURRY failed to notify AMERICAN STATES of any event or claim for over seven months following its knowledge of the underlying event or claim.

31. CURRY failed to notify AMERICAN STATES of how, when and where the underlying event or claim took place for over seven months following its knowledge of the underlying event or claim.

32. CURRY failed to notify AMERICAN STATES of the names and addresses of any witnesses of the underlying event or claim for over seven months following its knowledge of the underlying event or claim.

33. CURRY failed to notify AMERICAN STATES of the nature and location of the alleged damage arising out of the underlying event or claim for over seven months following its knowledge of the underlying event or claim.

34. CURRY failed to comply with the policy's condition of notifying AMERICAN STATES as soon as practicable of an event or claim which may result in a claim.

35. CURRY failed to comply with the policy's condition of notifying AMERICAN STATES as soon as practicable of an actual claim.

36. CURRY failed to comply with the policy's condition of providing AMERICAN STATES with records and documents in its possession regarding the actual lawsuit as soon as practicable.

37. As a result of CURRY'S failure to comply with the policy's conditions, AMERICAN STATES does not owe any defense or indemnity in the underlying lawsuit.

38. On December 8, 2004, AMERICAN STATES issued a letter to CURRY denying any defense or indemnity obligations in the underlying lawsuit due CURRY'S failure to notify AMERICAN STATES pursuant to the policy's conditions. A copy of the December 8, 2004 letter is attached hereto and incorporated herein as "**Exhibit 6.**"

WHEREFORE, the Plaintiff, AMERICAN STATES INSURANCE COMPANY demands judgment as follows:

> (1) A declaration by this Court that AMERICAN STATES INSURANCE COMPANY has no duty to defend CURRY in the underlying lawsuit, Case No.02 L 0147, and appeal of same;
>
> (2) A declaration by this Court that AMERICAN STATES INSURANCE COMPANY has no duty to indemnify CURRY in the underlying lawsuit, Case No. 02 L 0147, and appeal of same.
>
> (3) Such other relief, legal or equitable, as This Honorable Court may deem just and proper.

## COUNT II

### CURRY ICE & COAL, INC. – FAILURE TO COOPERATE

1.-38. AMERICAN STATES INSURANCE COMPANY repeats, realleges and incorporates as paragraphs 1 through 38 above as its allegations Nos. 1 through 38 of this Count II.

39. CURRY failed to comply with the policy's condition of cooperating with AMERICAN STATES in the investigation settlement and defense by participating in discovery without first notifying AMERICAN STATES of the actual lawsuit.

WHEREFORE, the Plaintiff, AMERICAN STATES INSURANCE COMPANY demands judgment as follows:

> (1) A declaration by this Court that AMERICAN STATES INSURANCE COMPANY has no duty to defend CURRY in the underlying lawsuit, Case No.02 L 0147, and appeal of same;

(2) A declaration by this Court that AMERICAN STATES INSURANCE COMPANY has no duty to indemnify CURRY in the underlying lawsuit, Case No. 02 L 0147, and appeal of same.

(3) Such other relief, legal or equitable, as This Honorable Court may deem just and proper.

## COUNT III

### CURRY ICE & COAL, INC. – NO OCCURENCE

1.-39. AMERICAN STATES INSURANCE COMPANY repeats, realleges and incorporates as paragraphs 1 through 39 of COUNT II as its allegations Nos. 1 through 39 of this Count III.

40. The policy, SECTION V – DEFINITIONS, paragraph 9, states as follows:
. . .

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

41. That the event or incident on the date alleged is not an occurrence as defined by the policy during the policy period.

WHEREFORE, the Plaintiff, AMERICAN STATES INSURANCE COMPANY demands judgment as follows:

(1) A declaration by this Court that AMERICAN STATES INSURANCE COMPANY has no duty to defend CURRY in the underlying lawsuit, Case No.02 L 0147, and appeal of same;

(2) A declaration by this Court that AMERICAN STATES INSURANCE COMPANY has no duty to indemnify CURRY in the underlying lawsuit, Case No. 02 L 0147, and appeal of same.

(3) Such other relief, legal or equitable, as This Honorable Court may deem just and proper.

## COUNT IV

## CURRY ICE & COAL, INC. – NO COVERED DAMAGE TO PROPERTY

1.-39. AMERICAN STATES INSURANCE COMPANY repeats, realleges and incorporates as paragraphs 1 through 39 of COUNT II as its allegations Nos. 1 through 39 of this Count IV.

40.     That Section I of the policy provides in pertinent part as follows:

"**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

   **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\* \* \*

**2.     Exclusions**

   This insurance does not apply to:

\* \* \*

   **l.     Damage to Your Work**

      "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

\* \* \*

   **m.     Damage to Impaired Property or Property Not Physically Injured**

      "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

- 10 -

  **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

  **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.** **Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

 (1) "Your product";

 (2) "Your work"; or

 (3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

* * *

**SECTION V – DEFINITIONS**

* * *

**14.** **"Products-completed operations hazard":**

 **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

  **(1)** Products that are still in your physical possession; or

  **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

   **(a)** When all of the work called for in your contract has been completed.

- 11 -

    **(b)**    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    **(c)**    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

* * *

**15.**    "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

**18.**    . . .
"Your product" includes:

    **a.**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    **b.**    The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

**19.**    "Your work" means:

    **a.**    Work or operations performed by you or on your behalf; and

    **b.**    Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

a.  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

b.  The providing of or failure to provide warnings or instructions.

WHEREFORE, the Plaintiff, AMERICAN STATES INSURANCE COMPANY demands judgment as follows:

(1) A declaration by this Court that AMERICAN STATES INSURANCE COMPANY has no duty to defend CURRY in the underlying lawsuit, Case No.02 L 0147, and appeal of same;

(2) A declaration by this Court that AMERICAN STATES INSURANCE COMPANY has no duty to indemnify CURRY in the underlying lawsuit, Case No. 02 L 0147, and appeal of same.

(3) Such other relief, legal or equitable, as This Honorable Court may deem just and proper.

Respectfully submitted,

RUSIN MACIOROWSKI & FRIEDMAN, LTD.

By: _____
Gregory G. Vacala, one of the attorneys for Plaintiff, AMERICAN STATES INSURANCE COMPANY

Gregory G. Vacala #6184543
James C. Barrow #6269376
RUSIN MACIOROWSKI & FRIEDMAN, LTD.
Attorneys for Plaintiff, American States Insurance Company
10 S. Riverside Plaza, Suite 1530
Chicago, Illinois 60606
Tel: (312) 454-5110
Fax: (312) 454-6166

F:\DOCS\0783\55\00296351.DOC