UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AMERICAN STATES INSURANCE COMPANY,  )
                                    )
                        Plaintiff,  )
                                    )
            v.                      )    No.: 04-3276
                                    )
CURRY ICE & COAL, INC.; DEARBORN    )    Judge Jeanne E. Scott
CONSTRUCTION, INC., an Idaho corporation; )
PERRY BROUGHTON TRUCKING &          )    Magistrate Judge
EXCAVATING, INC., a Delaware corporation )    Byron C. Cudmore
ARCHER DANIELS MIDLAND COMPANY;     )
and AMERICAN STORES PROPERTIES, INC., )
a Delaware corporation,             )
                                    )
                        Defendants. )

## NOTICE OF FILING

TO:    SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on the March 10, 2005, there was filed with the United States District Court for the Central District of Illinois the following:

1)  **Archer Daniels Midland Company's Waiver of Service of Summons;**

2)  **Perry Broughton Trucking & Excavating, Inc.'s Waiver of Service of Summons;**

3)  **American Stores Property, Inc.'s Waiver of Service of Summons; and**

4)  **Curry Ice & Coal, Inc.'s Waiver of Service of Summons.**

copies of which are attached hereto and served upon you.

                              By:    *s/ Gregory G. Vacala*
                                     Gregory G. Vacala
                                     One of the Attorneys for Plaintiff

Gregory G. Vacala #6184543
James C. Barrow #6269376
RUSIN MACIOROWSKI & FRIEDMAN, LTD.
Attorneys for Plaintiff, American States Insurance Company
10 S. Riverside Plaza, Suite 1530
Chicago, Illinois 60606
Tel: (312) 454-5110
Fax: (312) 454-6166

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants listed on the attached Service List and I hereby certify that I have mailed by United States Postal Service the document to the Non-CM/ECF participants also listed on the attached Service List.

> *s/ Gregory G. Vacala*
> Gregory G. Vacala, #6184543
> Attorney for Plaintiff
> RUSIN MACIOROWSKI & FRIEDMAN, LTD.
> 10 S. Riverside Plaza, Suite 1530
> Chicago, Illinois 60606
> Tel: (312) 454-5110
> Fax: (312) 454-6166
> *gvacala@rusinlaw.com*

GGV/vth
00297345.DOC

Gregory G. Vacala #6184543
gvacala@rusinlaw.com
James C. Barrow #6269376
jbarrow@rusinlaw.com
**RUSIN MACIOROWSKI & FRIEDMAN, LTD.**
10 S. Riverside Plaza, Suite 1530
Chicago, IL 60606
Tel: 312-454-5110; Fax: 312-454-6166
**Attorneys for Plaintiff, American States Insurance Company**
Our File No.: 783.55

---

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY, )<br>Plaintiff, )<br>v. )<br>CURRY ICE & COAL, INC.; DEARBORN )<br>CONSTRUCTION, INC., an Idaho corporation; )<br>PERRY BROUGHTON TRUCKING & )<br>EXCAVATING, INC., a Delaware corporation )<br>ARCHER DANIELS MIDLAND COMPANY; )<br>and AMERICAN STORES PROPERTIES, INC., )<br>a Delaware corporation, )<br>Defendants. ) | No.: 04-3276<br><br>Honorable Judge Jeanne E. Scott<br><br>Magistrate Judge Byron C. Cudmore |

---

## SERVICE LIST

Clerk of the Court
Mr. Ryan Waterman
**United States District Court
Central District of Illinois**
600 E. Monroe
Room 151
Springfield, Illinois 62701
Tel: 217-492-4000

## CM/ECF PARTICIPANTS

**Attorneys for Defendant, American Stores Properties, Inc., a Delaware corporation**
Steven P. Rouse
Randy Talan
**Menges & Molzahn, LLC**
20 North Clark Street, Suite 2300
Chicago, Illinois 60602-5002
Tel: 312-917-1880; Fax: 312-917-1851

# NON CM/ECF PARTICIPANTS

**Attorneys for Defendant, Archer-Daniels Midland Company**
Jerrold H. Stocks
**Winters, Featherstun, Gaumer, Postlewait, Stocks & Flyn**
P.O. Box 1760
Decatur, IL 62526
Tel: 217-429-4453; Fax: 217-425-8892
(Street Address: 225 North Water Street, Suite 200, Decatur, IL 62523)
*(WAIVER RECEIVED 1/31/05)*

**Midwest Engineering Services, Inc.**
R W Hahn
605 West John
Champaign, IL 61820

**Dearborn Construction, Inc.**
Agent: Daniel B. Dearborn
815 Park Boulevard, Suite 100
Boise, ID 83712

**Dearborn Construction, Inc.**
Stuart C. King
815 Park Boulevard, #100
Boise, ID 83712

**Archer Daniels Midland**
Agent: C T Corporation System
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604
*(WAIVER RECEIVED 1/31/05)*

**Archer Daniels Midland Company**
P P Muhollem
4666 Faries Parkway
Decatur, IL 62526
*(WAIVER RECEIVED 1/31/05)*

**Curry Ice & Coal, Inc.**
James Ray Curry
19339 Hurricane Drive
Carlinville, IL 62626
*(WAIVER RECEIVED)*

**American Stores Properties, Inc.**
Paul G. Rowan
250 Parkcenter Boulevard
P.O. Box 20
Boise, ID 83726
*(WAIVER RECEIVED)*

**American Stores Properties, Inc.**
Illinois Corporation Service
801 Adlai Stevenson Drive
Springfield, IL 62703-4261
*(WAIVER RECEIVED)*

**Perry Broughton Trucking and Excavating, Inc.**
Agent: Ralph Dawden
110 S. Cleveland
Farmersville, IL 62533

**Perry Broughton Trucking and Excavating, Inc.**
Rachel A. Broughton
8324 N. 35th Avenue
Pawnee, IL 62558

*******

*Also on Debbie Rettke's List #279015, 1/5/05 "List of all served on dec action" but no letter and waiver in Correspondence, although other people at other locations were served for the same companies as listed above – PLEASE ADVISE IF YOU WANT TO INCLUDE ON THIS LIST.... I'D HAVE TO SEARCH FILE TO FIND OUT WHERE SHE GOT THESE ADDRESSES... AND WHY NO COPIES OF LETTER/WAIVER TO THEM, WHILE OTHERS LISTED ABOVE WERE SENT TO MORE THAN ONE CONTACT....cn 3/4/05:*

*Midwest Engineering Services, Inc.*
*Agent: Robert William Hahn*
*501 Mercury Drive*
*Champaign, Illinois 61822*

*Dearborn Construction, Inc.*
*Agent: John Charles Wojteczko*
*77 W. Washington, Suite 1119*
*Chicago, Illinois 60602*

*Curry Ice & Coal, Inc.*
*Agent: Jim Curry*
*21149 Rt. 4*
*Carlinville, Illinois 62626*
*(WAIVER RECEIVED)*

Service List (00295152.DOC)

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>American States Insurance Company c/o RUSIN MACIOROWSKI & FRIEDMAN, LTD., its attorneys</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>Archer Daniels Midland Company</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>American States Insurance Company v. Curry Ice & Coal, Inc., et al.</u>,
(CAPTION OF ACTION)
which is case number <u>04 3276</u> in the United States District Court
(DOCKET NUMBER)
for the <u>Central</u> District of <u>Illinois</u>.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>Dec. 20, 2004</u>,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

<u>1-25-05</u>                <u>(signature)</u>
(DATE)                       (SIGNATURE)

Printed/Typed Name: <u>Jerrold H. Stocks</u>

As <u>ATTORNEY</u> of <u>Archer-Daniels-Midland Company</u>
(TITLE)                          (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO: <u>American States Insurance Company c/o RUSIN MACIOROWSKI & FRIEDMAN, LTD., its attorneys</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>Perry Broughton Trucking & Excavating, Inc., a Delaware corporation</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>American States Insurance Company v. Curry Ice & Coal, Inc., et al.</u>,
(CAPTION OF ACTION)

which is case number <u>04 - 3276</u> in the United States District Court
(DOCKET NUMBER)

for the <u>Central</u> District of <u>Illinois</u>.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>1/18/05</u>,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

<u>1/18/05</u>                    <u>Ralph Bowden</u> (signature)
(DATE)                              (SIGNATURE)

Printed/Typed Name: <u>Ralph Bowden</u>

As <u>Registered Agent</u> of <u>Perry Broughton Trucking & Excavating, Inc.</u>
(TITLE)                          (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: American States Insurance Company c/o RUSIN MACIOROWSKI & FRIEDMAN, LTD., its attorneys
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, American Stores Properties, Inc., a Delaware corporation , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of American States Insurance Company v. Curry Ice & Coal, Inc., et al. ,
(CAPTION OF ACTION)

which is case number 04-3276 in the United States District Court
(DOCKET NUMBER)

for the Central District of Illinois .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 12/20/04 ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

JANUARY 14, 2005                    Randall S Talan
(DATE)                                 (SIGNATURE)

Printed/Typed Name: RANDALL G. TALAN

As Attorney for of AMERICAN STORES PROPERTIES, INC.
      (TITLE)                              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO:  American States Insurance Company c/o RUSIN MACIOROWSKI & FRIEDMAN, LTD., its attorneys
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Curry Ice & Coal, Inc. (DEFENDANT NAME), acknowledge receipt of your request that I waive service of summons in the action of American States Insurance Company v. Curry Ice & Coal, Inc., et al. (CAPTION OF ACTION), which is case number 04-3276 (DOCKET NUMBER) in the United States District Court for the Central District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 12/28/04 (DATE REQUEST WAS SENT), or within 90 days after that date if the request was sent outside the United States.

12/28/04 (DATE)

(SIGNATURE) Paul D. Leefers

Printed/Typed Name: PAUL D. LEEFERS

As Vice President - Admin (TITLE) of Curry Ice & Coal, Inc. (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.