*(Insert a precise description of the Work of this Subcontract, referring where appropriate to numbers of Drawings, sections of Specifications and pages of Addenda, Modifications and accepted Alternates.)*
Complete all Site Grading - Earthwork work per bidding documents and following clarifications.

Work shall include, but not necessarily be limited to, the following:
As per plans and spec's, including but not limited to:
1. Saw cut, break and remove existing pavement as per plans.
2. Remove curbs and parking blocks as shown.
3. Excavate parking lot and regrade as required to +/- .1 foot as shown.
4. Compact soil as required.
5. Furnish and place topsoil as required.
6. Offhaul all spoils off site.
7. Dust control as required.
8. Clean up as required.

## ARTICLE 9
### DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION

9.1   The Subcontractor's date of commencement is the date from which the Contract Time of Paragraph 9.3 is measured; it shall be the date of this Agreement, as first written above, unless a different date is stated below or provision is made for the date to be fixed in a notice to proceed issued by the Contractor.
*(Insert the date of commencement, if it differs from the date of this Agreement or, if applicable, state that the date will be fixed in a notice to proceed.)*
March 23, 1998

9.2   Unless the date of commencement is established by a notice to proceed issued by the Contractor, or the Contractor has commenced visible Work at the site under the Prime Contract, the Subcontractor shall notify the Contractor in writing not less than five days before commencing the Subcontractor's Work to permit the timely filing of mortgages, mechanic's liens and other security interests.

9.3   The Work of this Subcontract shall be substantially completed not later than
*(Insert the calendar date or number of calendar days after the Subcontractor's date of commencement. Also insert any requirements for earlier Substantial Completion of certain portions of the Subcontractor's Work, if not stated elsewhere in the Subcontract Documents.)*
July 24, 1998

, subject to adjustments of this Subcontract Time as provided in the Subcontract Documents.
*(Insert provisions, if any, for liquidated damages relating to failure to complete on time.)*

9.4   Time is of the essence of this Subcontract.

9.5   No extension of time will be valid without the Contractor's written consent after claim made by the Subcontractor in accordance with Paragraph 5.2.

## ARTICLE 10
### SUBCONTRACT SUM

10.1   The Contractor shall pay the Subcontractor in current funds for performance of the Subcontract the Subcontract Sum of One Thirty-seven Thousand One Hundred Fifty-three Dollars ($ 37,153.00 ), subject to additions and deductions as provided in the Subcontract Documents.

10.2   The Subcontract Sum is based upon the following alternates, if any, which are described in the Subcontract Documents and

---

AIA DOCUMENT A401 - CONTRACTOR-SUBCONTRACTOR AGREEMENT - TWELFTH EDITION - AIA - COPYRIGHT 1987 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292 WARNING: Unlicensed photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

*(Insert the numbers or other identification of accepted alternates.)*

10.3   Unit prices, if any, are as follows:

## ARTICLE 11
## PROGRESS PAYMENTS

11.1   Based upon applications for payment submitted to the Contractor by the Subcontractor, corresponding to Applications for Payment submitted by the Contractor to the Architect, and Certificates for Payment issued by the Architect, the Contractor shall make progress payments on account of the Subcontract Sum to the Subcontractor as provided below and elsewhere in the Subcontract Documents.

11.2   The period covered by each application for payment shall be one calendar month ending on the last day of the month, or as follows:
One calendar month ending on the Twentieth (20th) day of the month.

11.3   Provided an application for payment is received by the Contractor not later than the Twentieth (20th) day of a month, the Contractor shall include the Subcontractor's Work covered by that application in the next Application for Payment which the Contractor is entitled to submit to the Architect. The Contractor shall pay the Subcontractor each progress payment within three working days after the Contractor receives payment from the Owner. If the Architect does not issue a Certificate for Payment or the Contractor does not receive payment for any cause which is not the fault of the Subcontractor, the Contractor shall pay the Subcontractor, on demand, a progress payment computed as provided in Paragraphs 11.7 and 11.8.

11.4   If an application for payment is received by the Contractor after the application date fixed above, the Subcontractor's Work covered by it shall be included by the Contractor in the next Application for Payment submitted to the Architect.

11.5   Each application for payment shall be based upon the most recent schedule of values submitted by the Subcontractor in accordance with the Subcontract Documents. The schedule of values shall allocate the entire Subcontract Sum among the various portions of the Subcontractor's Work and be prepared in such form and supported by such data to substantiate its accuracy as the Contractor may require. This schedule, unless objected to by the Contractor, shall be used as a basis for reviewing the Subcontractor's applications for payment.

11.6   Applications for payment submitted by the Subcontractor shall indicate the percentage of completion of each portion of the Subcontractor's Work as of the end of the period covered by the application for payment.

11.7   Subject to the provisions of the Subcontract Documents, the amount of each progress payment shall be computed as follows:

11.7.1 Take that portion of the Subcontract Sum properly allocable to completed Work as determined by multiplying the percentage completion of each portion of the Subcontractor's Work by the share of the total Subcontract Sum allocated to that portion of the Subcontractor's Work in the schedule of values, less that percentage actually retained, if any, from payments to the Contractor on account of the Work of the Subcontractor. Pending final determination of cost to the Contractor of changes in the Work which have been properly authorized by Construction Change Directive, amounts not in dispute may be included to the same extent provided in the Prime Contract, even though the Subcontract Sum has not yet been adjusted;

11.7.2 Add that portion of the Subcontract Sum properly allocable to materials and equipment delivered and suitably stored at the site by the Subcontractor for subsequent incorporation in the Subcontractor's Work or, if approved in advance by the Owner, suitably stored off the site at a location agreed upon in writing, less the same percentage retainage required by the Prime Contract to be applied to such materials and equipment in the Contractor's Application for Payment;

11.7.3 Subtract the aggregate of previous payments made by the Contractor; and

11.7.4 Subtract amounts, if any, calculated under Subparagraph 11.7.1 or 11.7.2 which are related to Work of the Subcontractor for which the Architect has withheld or nullified, in whole or in part, a Certificate of Payment for a cause which is the fault of the Subcontractor.

AIA DOCUMENT A401 - CONTRACTOR-SUBCONTRACTOR AGREEMENT - TWELFTH EDITION - AIA - COPYRIGHT 1987 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C., 20006-5292. WARNING: Unlicensed photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

## 11.8 SUBSTANTIAL COMPLETION

11.8.1 When the Subcontractor's Work or a designated portion thereof is substantially complete and in accordance with the requirements of the Prime Contract, the Contractor shall, upon application by the Subcontractor, make prompt application for payment for such Work. Within 30 days following issuance by the Architect of the Certificate for Payment covering such substantially completed Work, the Contractor shall, to the full extent allowed in the Prime Contract, make payment to the Subcontractor, deducting any portion of the funds for the Subcontractor's Work withheld in accordance with the Certificate to cover costs of items to be completed or corrected by the Subcontractor. Such payment to the Subcontractor shall be the entire unpaid balance of the Subcontract Sum if a full release of retainage is allowed under the Prime Contract for the Subcontractor's Work prior to the completion of the entire Project. If the Prime Contract does not allow for a full release of retainage, then such payment shall be an amount which, when added to previous payments to the Subcontractor, will reduce the retainage on the Subcontractor's substantially completed Work to the same percentage of retainage as that on the Contractor's Work covered by the Certificate.

## ARTICLE 12
## FINAL PAYMENT

12.1 Final payment, constituting the entire unpaid balance of the Subcontract Sum, shall be made by the Contractor to the Subcontractor when the Subcontractor's Work is fully performed in accordance with the requirements of the Contract Documents, the Architect has issued a Certificate for Payment covering the Subcontractor's completed Work and the Contractor has received payment from the Owner. If, for any cause which is not the fault of the Subcontractor, a Certificate for Payment is not issued or the Contractor does not receive timely payment or does not pay the Subcontractor within three working days after receipt of payment from the Owner, final payment to the Subcontractor shall be made upon demand.
*(Insert provisions for earlier final payment to the Subcontractor, if applicable.)*

12.2 Before issuance of the final payment, the Subcontractor, if required, shall submit evidence satisfactory to the Contractor that all payrolls, bills for materials and equipment, and all known indebtedness connected with the Subcontractor's Work have been satisfied.

## ARTICLE 13
## INSURANCE AND BONDS

13.1 The Subcontractor shall purchase and maintain insurance of the following types of coverage and limits of liability: Schedule "C"; Insurance Requirements

13.2 Coverages, whether written on an occurrence or claims-made basis, shall be maintained without interruption from date of commencement of the Subcontractor's Work until date of final payment and termination of any coverage required to be maintained after final payment.

13.3 Certificates of insurance acceptable to the Contractor shall be filed with the Contractor prior to commencement of the Subcontractor's Work. These certificates and the insurance policies required by this Article 13 shall contain a provision that coverages afforded under the policies will not be cancelled or allowed to expire until at least 30 days' prior written notice has been given to the Contractor. If any of the foregoing insurance coverages are required to remain in force after final payment and are reasonably available, an additional certificate evidencing continuation of such coverage shall be submitted with the final application for payment as required in Article 12. If any information concerning reduction of coverage is not furnished by the insurer, it shall be furnished by the Subcontractor with reasonable promptness according to the Subcontractor's information and belief.

13.4 The Contractor shall furnish to the Subcontractor satisfactory evidence of insurance required of the Contractor under the Prime Contract.

13.5 Waivers of Subrogation. The Contractor and Subcontractor waive all rights against (1) each other and any of their Subcontractors, Sub-subcontractors, agents and employees, each of the other, and (2) the Owner, the Architect, the Architect's consultants, separate contractors, and any of their subcontractors, sub-subcontractors, agents and employees for damages caused by fire or other perils to the extent covered by property insurance provided under the Prime Contract or other property insurance applicable to the Work, except such rights as they may have to proceeds of such insurance held by the Owner as fiduciary. The Subcontractor shall require of the Subcontractor's Sub-subcontractors, agents and employees, by appropriate agreements, written where legally required for validity, similar waivers in favor of other parties enumerated herein. The policies shall provide such

AIA DOCUMENT A401 - CONTRACTOR-SUBCONTRACTOR AGREEMENT - TWELFTH EDITION - AIA - COPYRIGHT 1987 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C., 20006-5292 WARNING: Unlicensed photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A401-1987
User Document: 915PERRY.DOC – 3/24/1998. AIA License Number 105667, which expires on 6/30/1998

waivers of subrogation by endorsement or otherwise. A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have a duty of indemnification, contractual or otherwise, did not pay the insurance premium directly or indirectly, and whether or not the person or entity had an insurable interest in the property damaged.

13.6    The Contractor shall promptly, upon request of the Subcontractor, furnish a copy or permit a copy to be made of any bond covering payment of obligations arising under the Subcontract.

13.7    Performance Bond and Payment Bond:
*(If the Subcontractor is to furnish bonds, insert the specific requirements here.)*

## ARTICLE 14
## TEMPORARY FACILITIES AND WORKING CONDITIONS

14.1    The Contractor shall furnish and make available to the Subcontractor the following temporary facilities, equipment and services; these shall be furnished at no cost to the Subcontractor unless otherwise indicated below:

14.2    Specific working conditions:
*(Insert any applicable arrangements concerning working conditions and labor matters for the project.)*

## ARTICLE 15
## MISCELLANEOUS PROVISIONS

15.1    Where reference is made in this Agreement to a provision of the General Conditions or another Subcontract Document, the reference refers to that provision as amended or supplemented by other provisions of the Subcontract Documents.

15.2    ~~Payments due and unpaid under this Subcontract shall bear interest from the date payment is due at such rate as the parties may agree upon in writing or, in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located.~~
*(Insert rate of interest agreed upon, if any.)*
No interest is payable. Interest as provided by law or regulation is expressly waived by Subcontractor. Contractor shall not be liable for payment of interest on any sums due under this Agreement or otherwise payable from Contractor to Subcontractor. Subcontractor hereby waives any and all claims to interest payable on any such sum pursuant to any statute, rule or regulation.

Contractor will retain 10% of all payments made on this project. Any and all monies retained by the Contractor will be paid to the Subcontractor, without interest, upon final acceptance of work by owner and final payment.

*(Usury Law's and requirements under the Federal Truth in Lending Act similar state and local consumer credit Law's and other regulations at the Owner's, Contractor's and Subcontractor's principal places of business, the location of the Project and elsewhere may affect the validity of this provision. Legal advice should be obtained with respect to deletions or modifications, and also regarding requirements such as written disclosures or waivers.)*

## ARTICLE 16
## ENUMERATION OF SUBCONTRACT DOCUMENTS

16.1    The Subcontract Documents, except for Modifications issued after execution of this Agreement, are enumerated as follows:

16.1.1    This executed Standard Form of Agreement Between Contractor and Subcontractor, AIA Document A401, 1987 Edition;

16.1.2    The Prime Contract, consisting of the Agreement between the Owner and Contractor dated as first entered above and the other Contract Documents enumerated in the Owner-Contractor Agreement; Conditions of the Contract (General, Supplementary and other Conditions), Drawings, Specifications, Addenda and other documents enumerated therein;

16.1.3    The following Modifications to the Prime Contract, if any, issued subsequent to the execution of the Owner-Contractor Agreement but prior to the execution of this Agreement:
Modification                                                                    Date

---

AIA DOCUMENT A401 - CONTRACTOR-SUBCONTRACTOR AGREEMENT - TWELFTH EDITION - AIA - COPYRIGHT 1987 - THE AMERICAN INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C. 20006-5292 WARNING: Unlicensed photocopying violates U.S. copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced without violation until the date of expiration as noted below.

Electronic Format A401-1987

User Document: 915PERRY.DOC

16.1.4 Other Documents, if any, forming part of the Subcontract Documents are as follows:
*(List any additional documents which are intended to form part of the Subcontract Documents. Requests for proposal and the Subcontractors bid or proposal should be listed here only if intended to be part of the Subcontract Documents).*
A. Bidding documents as follows:
1. Drawing Sheets T0.0, A1.0.2, A3.2.0 and A6.1; S0.0, S1.0.1, S2.0.1, S2.0.2 S2.0.3 and S3.0.1; E3.0; M0.0 and M1.0; FS1.0 and FS2.0; dated 8/18/97, drawing sheets A1.0.0, A1.0.1, A1.3, A1.4.0, A2.0, A3.0, A3.2.1, A4.0, A4.1.0, A4.1.1, A4.2.0, A5.0, A6.0, A6.2 and A6.4; E0.0, E0.3, E1.0, E1.1, E2.0, E2.1, E2.2, E4.0, E5.0, E6.0 and E10.0; S1.0.0 and S3.0.0; M2.0; P1.0, P1.1 and P2.0, C1.0, C2.0, C3.0, C4.0, C5.0, C6.0 and C7.0 revision date 10/17/97, Refrigeration drawing sheets R1.0, R2.0 and R3.0 by Hill Phoenix, dated 1/31/97, all as prepared by Gould Evans Goodman Associates, L.C.; and Title Survey sheet dated July 1997 by Martin Engineering Co. Fixture drawing sheets FP1.0, FP2.0, FP3.0, FP4.0, FP5.0 and FP6.0; by American Stores Properties, Inc.; Drawing sheets LV0.0, LV1.0, LV2.0, LV3.0, LV4.0 and LV5.0 dated 10/17/97; CS1.0, CS1.1 and CS1.2 dated 8/18/97; by Gould Evans Goodman Associates, L.C. and all shown for reference only.
2. Bidder's packet dated 10/3/97 as prepared by Dearborn Construction, Inc.
3. Addendum #1 dated 10/3/97 by Dearborn Construction, Inc.
4. Addendum #1 dated 11/7/97 with revised drawing set Delta 1 Revision, dated 10/17/97 by Gould Evans Goodman Associates, L.C.

This Agreement entered into as of the day and year first written above.

CONTRACTOR

_____
(Signature)

Mike Sklar, Project Manager
*(Printed name and title)*

SUBCONTRACTOR

_____
(Signature)

John R. Broughton, Vice President
*(Printed name and title)*

AIA DOCUMENT A401 - CONTRACTOR-SUBCONTRACTOR AGREEMENT - TWELFTH EDITION - AIA - COPYRIGHT 1987 - THE / INSTITUTE OF ARCHITECTS, 1735 NEW YORK AVENUE N.W., WASHINGTON, D.C., 20006-5292 WARNING; Unlicensed photocopying copyright laws and is subject to legal prosecution. This document was electronically produced with permission of the AIA and can be reproduced w until the date of expiration as noted below.

Electronic For

User Document: 915PERRY.DOC – 3/27/1998. AIA License Number 105667, which expires on 5/20/15

Hawley Troxell          2002 9:42  PAGE  2/7   FAX    342-3829

U.S. COURTS

Sheila R. Schwager, ISB No. 5059
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: (208) 344-6000
Facsimile: (208) 342-3829
Email: srs@hteh.com

Attorneys for Unsecured Creditor
American Stores Properties, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

(Boise)

| | |
|---|---|
| In Re: | Case No. 02-00508 TLM |
| DEARBORN CONSTRUCTION, INC., d/b/a DCI Design Associates, d/b/a Design Associates, | Chapter 7 |
| Debtor. | ORDER GRANTING RELIEF FROM AUTOMATIC STAY |

Upon consideration of American Stores Properties, Inc.'s, ("ASPI") Motion for Relief from Automatic Stay ("Motion"), filed in this matter on May 24, 2002, notice provided pursuant to Local Bankruptcy Rule 4001.2; and there being no objections to the Motion, either in writing or by appearing in front of this Court for the preliminary hearing set for June 3, 2002, after considering the record herein, this Court finds good cause that ASPI's Motion for Relief from Automatic Stay should be granted:

ORDER GRANTING RELIEF FROM AUTOMATIC STAY

Hawley Troxell        '2002 9:42  PAGE   3/7    FAX  (:  '362-3829

IT IS HEREBY ORDERED, pursuant to 11 U.S.C. § 362, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001.2, that relief from automatic stay be granted to ASPI in order to pursue an action against the Debtor in Illinois, to proceed with discovery, obtain a judgment against Debtor liquidating the amount of ASPI's Claim against the Debtor, and to enforce that claim to the extent of the Debtor's insurance coverage.

IT IS FURTHER ORDERED, that this Order survives the dismissal and/or conversion of this bankruptcy case.

DATED THIS 3rd day of ~~May~~ June, 2002.

/s/ Terry L. Myers
Terry L. Myers
United States Bankruptcy Judge

ORDER GRANTING RELIEF FROM AUTOMATIC STAY

Hawley Troxell                    2002 9:42  PAGE 4/7  FAX: (   342-3829

## CLERK'S CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of ~~May~~ June, 2002, I caused to be served a true copy of the foregoing ORDER GRANTING RELIEF FROM AUTOMATIC STAY by the method indicated below, and addressed to each of the following:

| | |
|---|---|
| Dearborn Construction, Inc.<br>P.O. Box 2049<br>Boise, ID 83701 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| Kelly Greene McConnell<br>GIVENS PURSLEY<br>P.O. Box 2720<br>Boise, ID 83701 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| Lois K. Murphy<br>2404 Bank Drive, Suite 310<br>Boise, ID 83705 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| U.S. Trustee<br>P.O. Box 110<br>Boise, ID 83701 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| Thomas J. Leanse, Esq.<br>2029 Century Park East, Suite 2600<br>Los Angeles, CA 90067 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| Richard D. Greenwood, Esq.<br>218 Falls Avenue<br>P.O. Box 5737<br>Twin Falls, ID 83303-5737 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| Larry E. Prince, Esq.<br>P.O. Box 2527<br>Boise, ID 83701 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| Air Conditioning Company<br>6265 San Fernando Road<br>Glendale, CA 91201-2214 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |

ORDER GRANTING RELIEF FROM AUTOMATIC STAY - 3

Hawley Troxell          5/2002 9:42   PAGE  5/7   FAX    1342-3829

| | |
|---|---|
| AALL Electric Contractors, Inc.<br>1215 Elati Street<br>Denver, CO 80204 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| Assured Concrete Construction<br>2834 Hammer Ave. #227<br>Norco, CA 91760 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| Carpet Land<br>8797 Beverly Blvd., Suite 304<br>Los Angeles, CA 90048 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| Church & Larsen, Inc.<br>1438 East Arrow Hwy, #C<br>Irwindale, CA 91706-1338 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| Encompass Electrical Tech<br>20 Journey<br>Aliso Viejo, CA 92656 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| Ferguson & Melvin, Inc.<br>12708 Foothill Blvd.<br>Sylmar, CA 91342 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| Golden West Glass & Mirrow, Inc.<br>620 South Flower Street<br>Burbank, CA 91502 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| Lawrence Electric<br>604 McPeak Street<br>Ukiah, CA 95482 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |
| Mastercraft Iron Company, Inc.<br>7463 Varna Avenue<br>N. Hollywood, CA 91605 | _X_ U.S. Mail, Postage Prepaid<br>____ Hand Delivered<br>____ Overnight Mail<br>____ Telecopy |

ORDER GRANTING RELIEF FROM AUTOMATIC STAY

| | |
|---|---|
| Performance Abatement Services<br>Dept. 44237<br>P.O. Box 44000<br>San Francisco, CA 94144-4237 | _X_ U.S. Mail, Postage Prepaid<br>___ Hand Delivered<br>___ Overnight Mail<br>___ Telecopy |
| Pour Concrete Cutting & Removal<br>3839 California Avenue<br>Long Beach, CA 90807 | _X_ U.S. Mail, Postage Prepaid<br>___ Hand Delivered<br>___ Overnight Mail<br>___ Telecopy |
| PV & C Plumbing & Piping, Inc.<br>406 S. Lemon Avenue, Suite 1<br>Walnut, CA 91789 | _X_ U.S. Mail, Postage Prepaid<br>___ Hand Delivered<br>___ Overnight Mail<br>___ Telecopy |
| Rigoli Fire Extinguisher Company<br>2526 N. Loma Avenue<br>South El Monte, CA 91733 | _X_ U.S. Mail, Postage Prepaid<br>___ Hand Delivered<br>___ Overnight Mail<br>___ Telecopy |
| Ronco Builders<br>3114 South Douglas Street<br>Santa Ana, CA 92704 | _X_ U.S. Mail, Postage Prepaid<br>___ Hand Delivered<br>___ Overnight Mail<br>___ Telecopy |
| Superior Electrical Contractor<br>1024 West Brooks Street<br>Ontario, CA 91762 | _X_ U.S. Mail, Postage Prepaid<br>___ Hand Delivered<br>___ Overnight Mail<br>___ Telecopy |
| The Chaney Company, Inc.<br>25510 Avenue Stanford #103<br>Valencia, CA 91355 | _X_ U.S. Mail, Postage Prepaid<br>___ Hand Delivered<br>___ Overnight Mail<br>___ Telecopy |
| Under Your Feet Floor Covering<br>204 Mason Street<br>Ukiah, CA 95482 | _X_ U.S. Mail, Postage Prepaid<br>___ Hand Delivered<br>___ Overnight Mail<br>___ Telecopy |
| U.S. Bank<br>P.O. Box 6310<br>Fargo, ND 58125-6310 | _X_ U.S. Mail, Postage Prepaid<br>___ Hand Delivered<br>___ Overnight Mail<br>___ Telecopy |

ORDER GRANTING RELIEF FROM AUTOMATIC STAY - 5

Hawley Troxell                /2002 9:42   PAGE  7/7   FAX      1362-3829

Village Woodcrafts                        _X_ U.S. Mail, Postage Prepaid
5560 Alhambra Avenue                      ___ Hand Delivered
Los Angeles, CA 90032                     ___ Overnight Mail
                                          ___ Telecopy

Sheila R. Schwager                        _X_ U.S. Mail, Postage Prepaid
Hawley Troxell Ennis & Hawley LLP         ___ Hand Delivered
P.O. Box 1617                             ___ Overnight Mail
Boise, ID 83701-1617                      ___ Telecopy

                    CAMERON S. BURKE
                    Clerk of the Court

                    By  Randall L. French
                        Deputy Clerk

ORDER GRANTING RELIEF FROM AUTOMATIC STAY - 6