E-FILED
Tuesday, 19 April, 2005 01:30:42 PM
Clerk, U.S. District Court, ILCD

RGT:cab    54815-3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED
APR 1 3 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04-3276 ) |
| CURRY ICE & COAL, INC.; DEARBORN CONSTRUCTION, INC., an Idaho corporation; PERRY BROUGHTON TRUCKING & EXCAVATING, INC., a Delaware corporation; ARCHER DANIELS MIDLAND COMPANY; and AMERICAN STORES PROPERTIES, INC., a Delaware Corporation, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ANSWER TO AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Defendant, AMERICAN STORES PROPERTIES, INC. (hereinafter "ASPI"), by its attorneys, MENGES & MOLZAHN, LLC, and for its Answer to the Amended Complaint for Declaratory Judgment filed herein by Plaintiff, AMERICAN STATES INSURANCE COMPANY, state as follows:

**JURISDICTION**

1.  Plaintiff, AMERICAN STATES INSURANCE COMPANY (hereinafter "AMERICAN STATES"), at all relevant times and material hereto was a corporation duly incorporated in Indiana and licensed to issue policies of insurance in the State of Illinois.

    **ANSWER:** ASPI admits the allegations of Paragraph 1.

Doc:289642_1

2. Defendant, CURRY ICE & COAL, INC. (hereinafter "CURRY"), is a Delaware corporation having its principal place of business other than the State of Indiana. CURRY is a third-party defendant in the lawsuit styled as case number 2002 L 0147 in the Circuit Court of Sangamon County (hereinafter "underlying lawsuit"). A copy of the third-party complaint lawsuit is attached hereto and incorporated herein as "Exhibit 1".

 **ANSWER:** ASPI admits the allegations of Paragraph 2.

3. Defendant, AMERICAN STORES PROPERTIES, INC. (hereinafter "ASPI"), is a plaintiff in the underlying lawsuit. ASPI is a Delaware corporation having its principal place of business other than in the State of Indian. ASPI is joined as a necessary party and will be dismissed if it agrees to be bound by the judgment herein.

 **ANSWER:** ASPI admits the allegations of Paragraph 3. This defendant does not agree to be bound by any judgment as described in paragraph 3 in this responsive pleading.

4. Defendants, DEARBORN CONTRUCTION, INC. (hereinafter "DEARBORN"), is a defendant and third-party plaintiff in the underlying lawsuit. DEARBORN is an Idaho corporation having its principal place of business other than the State of Indiana. DEARBORN is joined as a necessary party and will be dismissed if it agrees to be bound by the judgment herein.

 **ANSWER:** ASPI admits the allegations of Paragraph 4.

5. Defendant, PERRY BROUGHTON TRUCKING & EXCAVATING, INC. (hereinafter "BROUGHTON"), is a defendant in the underlying lawsuit. BROUGHTON is a Delaware corporation having its principal place of business other than the State of Indiana. BROUGHTON

is joined as a necessary party and will be dismissed if it agrees to be bound by the judgment herein.

**ANSWER:** ASPI admits the allegations of Paragraph 5.

6. Defendant, ARCHER DANIELS MIDLAND COMPANY (hereinafter "ARCHER") is a third-party defendant in the underlying lawsuit. ARCHER is a Delaware corporation having its principal place of business other than the State of Indiana. ARCHER is joined as a necessary party and will be dismissed if it agrees to be bound by the judgment herein.

**ANSWER:** ASPI admits the allegations of Paragraph 6.

7. Defendant, MIDWEST ENGINEERING SERVICES, INC. (hereinafter "MIDWEST"), is a third-party defendant in the underlying lawsuit. MIDWEST is an Illinois corporation having its principal place of business other than the State of Indiana. MIDWEST is joined as a necessary party and will be dismissed if it agrees to be bound by the judgment herein.

**ANSWER:** ASPI admits the allegations of Paragraph 7.

8. Plaintiff in the underlying lawsuit seeks damages not less than $1,000,000. ASPI filed its Second Amended Complaint against various defendants, including BROUGHTON, seeking damages not less than $1,000,000 for damages alleged in the underlying event or claim. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by U.S.C.§ 1332.

**ANSWER:** ASPI admits the allegations of Paragraph 8.

## COUNT I

### CURRY ICE & COAL. INC.- LATE NOTICE

9. AMERICAN STATES issued a policy of insurance, including a Commercial General Liability Form Number naming CURRY a named insured effective September 4, 1997 to September 4, 1998 (hereinafter "policy"). A copy of the insurance policy is attached hereto and incorporated herein as "Exhibit 2".

> **ANSWER:** ASPI admits only that copy of an insurance policy is attached as Exhibit 2, and further responds that the aforesaid policy of insurance speaks for itself. ASPI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9; and therefore, makes no response thereto.

10. The third-party complaint in the underlying lawsuit states BROUGHTON sustained damages due to the negligence of CURRY due to CURRY'S delivery of "ash that was not of Good quality." BROUGHTON is seeking contribution for damages from CURRY arising out of defective ash as alleged in the Second Amended Complaint filed by ASPI.

> **ANSWER:** ASPI responds that the third-party complaint in the underlying lawsuit speaks for itself.

11. On April 1, 2004, plaintiff in the underlying lawsuit placed CURRY on notice of an event or claim when it issued a Subpoena Duces Tecum to CURRY. See subpoena attached as "Exhibit 3".

> **ANSWER:** ASPI admits only that attached as Exhibit 3 is a Subpoena Duces Tecum purportedly issued to CURRY, and further responds said document speaks for itself. ASPI makes no response to the remaining allegations of Paragraph 11 to the extent they constitute a legal conclusion to which no response is required. Answering further, ASPI denies that the Subpoena Duces Tecum placed CURRY on notice of an "event or claim."

12. The subpoena requested documents as follows:

> "   1.   Documents which mention, refer to or concern the hauling and/or sale of flyash, ash, bottom ash and/or scrubber sludge for use as structural fill and/or the

> chemical treatment of fill at the Osco Drug Store located at Mac Arthur Boulevard and Outer Park Road in Springfield, Illinois.
> 2. Documents whichmention, refer to or concern the "ash" referred to on the Freight Bill attached hereto as Exhibit "A".
> 3. Documents which mention, refer to or concern the sale and/or delivery by CURRY OFFICE SUPPLY, INC., CURRY ICE & COAL, INC., and/or CURRY ICE & COAL OF CARLINVILLE, INC., (collectively, "CURRY) of the "ash" referred to in the Freight Bill attached hereto as Exhibit "A".
> 4. Documents which mention, refer to or concern the hauling, sale and/or delivery by CURRY of flyash, ash, bottom ash and/or scrubber sludge for or to PERRY BROUGHTEN TRUCKING & EXCA V A TING, INC., ("BROUGHTEN") during May 1998.
> 5. Documents which mention, refer to or concern the source, method of collection, method of processing and/or storage, chemical composition, physical properties, or uses of flyash, ash, bottom ash and/or scrubber sludge hauled, sold and/or delivered by CURRY for or to BROUGHTEN during May, 1998."

**ANSWER:** ASPI makes no response to the allegations set forth in Paragraph 12, and affirmatively states the documents attached as Exhibit 3 speaks for itself.

13. On May 5, 2004 CURRY responded to plaintiffs subpoena by providing all documents in its possession. See letter dated May 5, 2004 attached as "Exhibit 4".

**ANSWER:** ASPI admits only that a letter dated May 5, 2004 is attached as Exhibit 4, and further affirmatively states said document speaks for itself. ASPI affirmatively states CURRY's was legally obligated to respond to the aforesaid Subpoena Duces Tecum; and further, on information and belief, ASPI admits that Curry responded to plaintiffs subpoena by providing all responsive documents to the aforesaid subpoena. ASPI neither admits nor denies whether ASPI provided "all" documents in its possession or under it control as ASPI lacks knowledge or information sufficient to form a belief as to the truth thereof.

14. On or about June 2, 2004, CURRY once again had notice when Bruce Garner, Chief Operating Officer for CURRY, agreed to produce CURRY employees, Tracy Heath and

Scott Roberts for their respective discovery deposition regarding the underlying event or claim. See letter dated June 2, 2004 attached as "Exhibit 5".

**ANSWER:** ASPI admits only that a letter dated June 2, 2004 is attached as Exhibit 5, and further affirmatively states said document speaks for itself. ASPI denies the remaining allegations of Paragraph 14.

15. On June 8, 2004, with knowledge of the underlying event or claim, CURRY produced its employees, Tracy Heath and Scott Roberts, for their discovery deposition regarding the underlying event or claim.

**ANSWER:** ASPI admits only that the discovery depositions of Tracy Heath and Scott Roberts occurred on June 8, 2004 in the underlying lawsuit. ASPI denies the remaining allegations of Paragraph 15.

16. On July 27, 2004, BROUGHTON filed its third party complaint against CURRY.

**ANSWER:** ASPI admits the allegations of Paragraph 16.

17. On November 9, 2004, AMERICAN STATES was notified for the first time of the underlying event or claim.

**ANSWER:** ASPI makes no response to the allegations of Paragraph 17 as ASPI is without knowledge or information sufficient to form a belief as to the truth thereof.

18. Prior to November 9, 2004, AMERICAN STATES was not notified of the underlying event or claim by CURRY.

**ANSWER:** ASPI makes no response to the allegations of Paragraph 18 as ASPI is without knowledge or information sufficient to form a belief as to the truth thereof.

19. Prior to November 9, 2004, AMERICAN STATES was not notified by anyone regarding the underlying event or claim.

**ANSWER:** ASPI makes no response to the allegations of Paragraph 19 as ASPI is without knowledge or information sufficient to form a belief as to the truth thereof.

20. Prior to November 9, 2004, AMERICAN STATES was not aware of the underlying event or claim.

**ANSWER:** ASPI makes no response to the allegations of Paragraph 20 as ASPI is without knowledge or information sufficient to form a belief as to the truth thereof.

21.  On November 11, 2004, CURRY for the first time provided AMERICAN STATES with documents in its possession regarding the underlying event or claim.

**ANSWER:** ASPI makes no response to the allegations of Paragraph 21 as ASPI is without knowledge or information sufficient to form a belief as to the truth thereof.

22.  Prior to November 11, 2004, AMERICAN STATES did not have any legal documents or pleadings regarding the underlying event or claim.

**ANSWER:** ASPI makes no response to the allegations of Paragraph 22 as ASPI is without knowledge or information sufficient to form a belief as to the truth thereof.

23.  The policy, endorsement ILLINOIS CHANGES, which modifies SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS, states as follows:

> "Condition 2. DUTIES IN THE EVENT OF OCCURENCE, CLAIM OR SUIT (SECTION IV) is replaced by the following:
>
> 2.  **Duties In the Event of Event or claim, Offense, Claim or Suit.**
>
>   a.  You must see to it that we are notified as soon as practicable of an "event or claim" or an offense which may result in a claim. To the extent possible, notice should include:
>   (1) How, when and where the "event or claim" or offense took place;
>   (2) The names and addresses of any injured persons and witnesses; and
>   (3) The nature and location of any injury or damage arising out of the "event or claim or offense.
>
>   b.  If a claim is made or "suit" is brought against any insured, you must:
>   (1) Immediately record the specifics of the claim or "suit" and the date received; and,

(2) Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:
(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit,"
(2) Authorize us to obtain records and other information;
(3) Cooperate with us in the investigation, settlement or defense of the claim or "suit," and,\
(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."

**ANSWER:** ASPI makes no response to the allegations of Paragraph 23 as the insurance policy attached as Exhibit 2 speaks for itself.

24. The subpoena issued April 1, 2004, requested information and documents regarding the use, collection, sale and delivery of flyash, ash and/or scrubber sludge. The subpoena was sufficient to put CURRY on notice of the possibility of a lawsuit for damages against CURRY.

**ANSWER:** ASPI admits only that a subpoena purportedly issued April 1, 2004 is attached as Exhibit 4, and further states said documents speak for themselves. ASPI denies the remaining allegations of Paragraph 24.

25. The June 2, 2004 request for the depositions of CURRY employees was sufficient to put CURRY on notice of the possibility of a lawsuit for damages against CURRY.

**ANSWER:** ASPI admits only that attached as Exhibit 5 is a letter dated June 2, 2004, and further states that said document speaks for itself. ASPI denies the remaining allegations of Paragraph 25.

26. The June 8, 2004 depositions of the CURRY employees were sufficient to put CURRY on notice of the possibility of a lawsuit for damages against CURRY.

**ANSWER:** ASPI admits only that the depositions of Tracy Heath and Scott Roberts occurred on June 8, 2004. ASPI denies the remaining allegations of Paragraph 26.

27. The events as stated in the third party complaint in the underlying lawsuit constitute an "event or claim" as defined by the policy.

**ANSWER:** ASPI neither admits nor denies the allegations of Paragraph 27 as those allegations constitute a legal conclusion to which no response is required.

28. On April 1, 2004, CURRY, was aware of possible injuries which may result in a claim or lawsuit against CURRY.

**ANSWER:** ASPI denies the allegations of Paragraph 28. Answering further, ASPI affirmatively states that the April 1, 2004 Subpoena Duces Tecum did not constitute notice to CURRY of an "event or claim" under the terms of the subject policy of insurance.

29. On April I, 2004, CURRY, was aware of an event or claim which could possibly result in a claim or lawsuit against CURRY.

**ANSWER:** ASPI denies the Allegations of Paragraph 29.

30. CURRY failed to notify AMERICAN STATES of any event or claim for over seven months following its knowledge of the underlying event or claim.

**ANSWER:** ASPI denies the allegations of Paragraph 30. Answering further, ASPI affirmatively states that neither the April 1, 2004 Subpoena Duces Tecum nor the

employee depositions constitute notice to CURRY of an "event or claim" under the terms of the subject policy of insurance.

31.   CURRY failed to notify AMERICAN STATES of how, when and where the underlying event or claim took place for over seven months following its knowledge of the underlying event or claim.

> **ANSWER:**   ASPI denies the allegations of Paragraph 31. ASPI affirmatively states that neither the April 1, 2004 Subpoena Duces Tecum nor the employee depositions constitute notice to CURRY of an "event or claim" under the terms of the subject policy of insurance. Answering further, ASPI affirmatively states CURRY's notice of the underlying "event or occurrence" was timely.

32.   CURRY failed to notify AMERICAN STATES of the names and addresses of any witnesses of the underlying event or claim for over seven months following its knowledge of the underlying event or claim.

> **ANSWER:**   ASPI denies the allegations of Paragraph 32. ASPI affirmatively states that neither the April 1, 2004 Subpoena Duces Tecum nor the employee depositions constitute notice to CURRY of an "event or claim" under the terms of the subject policy of insurance.

33.   CURRY failed to notify AMERICAN STATES of the nature and location of the alleged damage arising out of the underlying event or claim for over seven months following its knowledge of the underlying event or claim.

> **ANSWER:**   ASPI denies the allegations of Paragraph 31.

34.   CURRY failed to comply with the policy's condition of notifying AMERICAN STATES as soon as practicable of an event or claim which may result in a claim.

> **ANSWER:**   ASPI denies the allegations of Paragraph 34.

35. CURRY failed to comply with the policy's condition of notifying AMERICAN STATES as soon as practicable of an actual claim.

**ANSWER:** ASPI denies the allegations of Paragraph 35.

36. CURRY failed to comply with the policy's condition of providing AMERICAN STATES with records and documents in its possession regarding the actual lawsuit as soon as practicable.

**ANSWER:** ASPI denies the allegations of Paragraph 36.

37. As a result of CURRY'S failure to comply with the policy's conditions, AMERICAN STATES does not owe any defense or indemnity in the underlying lawsuit.

**ANSWER:** ASPI denies the allegations of Paragraph 37. Answering further, ASPI affirmatively states AMERICAN STAES states does owe coverage, a defense and/or indemnity in the underlying lawsuit to CURRY under the terms of the subject policy of insurance.

38. On December 8, 2004, AMERICAN STATES issued a letter to CURRY denying any defense or indemnity obligations in the underlying lawsuit due CURRY'S failure to notify AMERICAN STATES pursuant to the policy's conditions. A copy of the December 8, 2004 letter is attached hereto and incorporated herein as "Exhibit 6."

**ANSWER:** ASPI admits only that attached as Exhibit 6 is a correspondence dated December 8, 2004, and further responds that said document speaks for itself. Answering further, ASPI denies that AMERICAN STATES does not owe CURRY coverage, a defense or indemnity under the terms of the subject policy of insurance. ASPI affirmatively states AMERICAN STATES is not entitled to reserve rights to raise other coverage defenses other than those raised in this Complaint for Declaratory Judgment.

WHEREFORE, defendant AMERICAN STORES PROPERTIES, INC. denies that AMERICAN STATES INSURANCE COMPANY is entitled to any of the relief requested in Count I of its Amended Complaint for Declaratory Judgment.

FURTHER defendant AMERICAN STORES PROPERTIES, INC. prays this Court enter a Declaratory Judgment that:

(1) AMERICAN STATES INSURANCE COMPANY has a duty to defend CURRY with regard to the PERRY BROUGHTON TRUCKING & EXCAVATING INC. Third Party Complaint under all of the general commercial liability insurance policy coverage parts referenced in the Complaint for Declaratory Judgment;

(2) AMERICAN STATES INSURANCE COMPANY owes a duty to indemnify CURRY from any settlement or judgment entered with respect to the PERRY BROUGHTON TRUCKING & EXCAVATING INC. Third Party Complaint under all of the general commercial liability insurance policy coverage parts referenced in the Complaint for Declaratory Judgment.

(3) AMERICAN STATES PROPERTIES, INC. is entitled to an interest in the general commercial liability insurance policy coverage parts referenced in the Complaint for Declaratory Judgment in the event that PERRY BROUGHTON TRUCKING & EXCAVATING INC. becomes a judgment creditor of CURRY.

## COUNT II

### CURRY ICE & COAL, INC.-FAILURE TO COOPERATE

1.-38. AMERICAN STATES INSURANCE COMPANY repeats, re-alleges and incorporates as paragraphs 1 through 38 above as its allegations Nos. 1 through 38 of this Count II.

**ANSWER:** As and for its responses to Paragraphs 1 through 39 of this Count II, AMERICAN STORES PROPERTIES, INC. repeats, re-alleges and incorporates by reference its responses to paragraphs 1 through 39 of COUNT I as if fully set forth herewith.

39. CURRY failed to comply with the policy's condition of cooperating with AMERICAN STATES in the investigation settlement and defense by participating in discovery without first notifying AMERICAN STATES of the actual lawsuit.

**ANSWER:** ASPI denies the allegations of Paragraph 39.

WHEREFORE, defendant AMERICAN STORES PROPERTIES, INC. denies that AMERICAN STATES INSURANCE COMPANY is entitled to any of the relief requested in Count II of its Amended Complaint for Declaratory Judgment.

FURTHER defendant AMERICAN STORES PROPERTIES, INC. prays this Court enter a Declaratory Judgment that:

> (1) AMERICAN STATES INSURANCE COMPANY has a duty to defend CURRY with regard to the PERRY BROUGHTON TRUCKING & EXCAVATING INC. Third Party Complaint under all of the general commercial liability insurance policy coverage parts referenced in the Complaint for Declaratory Judgment;
>
> (2) AMERICAN STATES INSURANCE COMPANY owes a duty to indemnify CURRY from any settlement or judgment entered with respect to the PERRY BROUGHTON TRUCKING & EXCAVATING INC. Third Party Complaint under all of the general commercial liability insurance policy coverage parts referenced in the Complaint for Declaratory Judgment.
>
> (3) AMERICAN STORES PROPERTIES, INC. is entitled to an interest in the general commercial liability insurance policy coverage parts referenced in the Complaint for Declaratory Judgment in the event that PERRY BROUGHTON TRUCKING & EXCAVATING INC. becomes a judgment creditor of CURRY.

## COUNT III

### CURRY ICE & COAL, INC.- NO OCCURRENCE

1.-39. AMERICAN STATES INSURANCE COMPANY repeats, re-alleges and incorporates as paragraphs 1 through 39 of COUNT II as its allegations Nos. 1 through 39 of this Count III.

> **ANSWER:** As and for its responses to Paragraphs 1 through 39 of this Count III, AMERICAN STORES PROPERTIES, INC. repeats, re-alleges and incorporates by reference its responses to paragraphs 1 through 39 of COUNT II as if fully set forth herewith.

40. The policy, SECTION V - DEFINITIONS, paragraph 9, states as follows: "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

**ANSWER:** ASPI admits only that an insurance policy is attached as Exhibit 2, and further responds that said document speaks for itself.

41. That the event or incident on the date alleged is not an occurrence as defined by the policy during the policy period.

**ANSWER:** ASPI denies the allegations of Paragraph 41.

WHEREFORE, defendant AMERICAN STORES PROPERTIES, INC. denies that AMERICAN STATES INSURANCE COMPANY is entitled to any of the relief requested in Count III of its Amended Complaint for Declaratory Judgment.

FURTHER defendant AMERICAN STORES PROPERTIES, INC. prays this Court enter a Declaratory Judgment that:

> (1) AMERICAN STATES INSURANCE COMPANY has a duty to defend CURRY with regard to the PERRY BROUGHTON TRUCKING & EXCAVATING INC. Third Party Complaint under all of the general commercial liability insurance policy coverage parts referenced in the Complaint for Declaratory Judgment;
>
> (2) AMERICAN STATES INSURANCE COMPANY owes a duty to indemnify CURRY from any settlement or judgment entered with respect to the PERRY BROUGHTON TRUCKING & EXCAVATING INC. Third Party Complaint under all of the general commercial liability insurance policy coverage parts referenced in the Complaint for Declaratory Judgment.
>
> (3) AMERICAN STORES PROPERTIES, INC. is entitled to an interest in the general commercial liability insurance policy coverage parts referenced in the Complaint for Declaratory Judgment in the event that

PERRY BROUGHTON TRUCKING & EXCAVATING INC. becomes a judgment creditor of CURRY.

## COUNT IV

### CURRY ICE & COAL. INC. -NO COVERED DAMAGE TO PROPERTY

1.-39. AMERICAN STATES INSURANCE COMPANY repeats, re-alleges and incorporates as paragraphs 1 through 39 of COUNT III as its allegations Nos. I through 39 of this Count IV.

**ANSWER:** As and for its responses to Paragraphs 1 through 39 of this Count IV, AMERICAN STORES PROPERTIES, INC. repeats, re-alleges and incorporates by reference its responses to paragraphs 1 through 39 of COUNT III as if fully set forth herewith.

40. That Section I of the policy provides in pertinent part as follows:

"SECTION I - COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

   \* \* \*

2. **Exclusions**

   This insurance does not apply to:

   \* \* \*

   l. **Damage to Your Work**

   "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

   \* \* \*

    **m.**    **Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

    **n.**    **Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

    (1)    "Your product";

    (2)    "Your work"; or

    (3)    "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

* * *

## SECTION V - DEFINITIONS

* * *

14.    **"Products-completed operations hazard":**

    **a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

    (1)    Products that are still in your physical possession; or

    (2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

\* \* \*

15. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

18. ...

"Your product" includes:

   a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

   b. The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

19. "Your work" means:

   a. Work or operations performed by you or on your behalf; and

   b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

b. The providing of or failure to provide warnings or instructions.

**ANSWER:** ASPI admits only that an insurance policy is attached as Exhibit 2, and further responds that said document speaks for itself. Answering further, ASPI denies that AMERICAN STATES is entitled to a denial of coverage, defense, or indemnification by virtue of any of the general commercial liability insurance policy coverage parts set forth above in paragraph 40.

WHEREFORE, defendant AMERICAN STORES PROPERTIES, INC. denies that AMERICAN STATES INSURANCE COMPANY is entitled to any of the relief which AMERICAN STATES INSURANCE COMPANY requests in the wherefore paragraphs of Count I.

FURTHER defendant AMERICAN STORES PROPERTIES, INC. prays this Court enter a Declaratory Judgment that:

(1) AMERICAN STATES INSURANCE COMPANY has a duty to defend CURRY with regard to the PERRY BROUGHTON TRUCKING & EXCAVATING INC. Third Party Complaint under all of the general commercial liability insurance policy coverage parts referenced in the Complaint for Declaratory Judgment;

(2) AMERICAN STATES INSURANCE COMPANY owes a duty to indemnify CURRY from any settlement or judgment entered with respect to the PERRY BROUGHTON TRUCKING & EXCAVATING INC. Third Party Complaint under all of the general commercial liability insurance policy coverage parts referenced in the Complaint for Declaratory Judgment.

(3) AMERICAN STORES PROPERTIES, INC. is entitled to an interest in the general commercial liability

insurance policy coverage parts referenced in the Complaint for Declaratory Judgment in the event that PERRY BROUGHTON TRUCKING & EXCAVATING INC. becomes a judgment creditor of CURRY.

Respectfully submitted,

AMERICAN STORES PROPERTIES, INC.

By: *Randall G. Talan*
Randall G. Talan
One of Its Attorneys

By: *Steven P. Rouse*
Steven P. Rouse
One of Its Attorneys

Randall G. Talan
Attorney No. 2794470
Steven P. Rouse
Attorney No. 6189672
MENGES & MOLZAHN, LLC
20 North Clark Street, Suite 2300
Chicago, IL 60602-5002
Ph: 312/917-1880
Fax: 312/917-1851