E-FILED
Tuesday, 19 April, 2005   01:36:08 PM
Clerk, U.S. District Court, ILCD

RGT:cab            54815-3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED
APR 1 3 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CURRY ICE & COAL, INC.; DEARBORN )<br>CONSTRUCTION, INC., an Idaho corporation; )<br>PERRY BROUGHTON TRUCKING & )<br>EXCAVATING, INC., a Delaware corporation; )<br>ARCHER DANIELS MIDLAND COMPANY; and )<br>AMERICAN STORES PROPERTIES, INC., a )<br>Delaware Corporation, )<br>)<br>Defendants. ) | No.   04-3276 |

## MOTION TO DISMISS
## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Defendant, AMERICAN STORES PROPERTIES, INC. (hereinafter "ASPI"), by its attorneys, MENGES & MOLZAHN, LLC , and for its Motion to Dismiss the Amended Complaint for Declaratory Judgment filed herein by Plaintiff, AMERICAN STATES INSURANCE COMPANY, pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative to stay this action, state as follows:

### I. BACKGROUND

**A.**     **The Federal Declaratory Judgment Action Pending in This Case Brought by AMERICAN STATES Against CURRY, ASPI and BROUGHTON**

1.     Plaintiff, AMERICAN STATES INSURANCE COMPANY (hereinafter "AMERICAN STATES"), filed this action for Declaratory Judgment. Subsequently, on or about March 10, 2005, AMERICAN STATES filed an Amended Complaint for Declaratory Judgment

Doc:289642_1

(hereinafter referred to as the "AMERICAN STATES federal declaratory judgment litigation."). The AMERICAN STATES Federal declaratory judgment litigation seeks a declaration that its insured, CURYY (hereinafter "CURRY"), is not entitled to coverage, a defense or indemnity under a policy of insurance AMERICAN STATES issued to CURRY arising from a third-party contribution complaint directed against CURRY in the lawsuit styled as case number 2002 L 0147 in the Seventh Judicial Circuit, Sangamon County, Illinois (hereinafter the "Underlying Common Law State Action").

**B. The Underlying State Common Law Action Pending in the Seventh Judicial Circuit, Sangamon County, Illinois Brought by ASPI Against DCI and BROUGHTON; and Third Party Complaints Brought by BROUGTON against CURRY and ARCHER, and DCI against MIDWEST**

2.  The Underlying Common Law State Action arises from ASPI's complaint directed against DEARBORN CONTRUCTION, INC. (hereinafter "DCI"), as well as, PERRY BROUGHTON TRUCKING & EXCAVATING, INC. (hereinafter "BROUGHTON"). Said complaint sets forth the following causes of action against those defendants: Count I (Breach of Contract-DCI); Count II (Negligence-DCI); Count III (Negligent Misrepresentation-DCI); Count IV Breach of Contract-BROUGHTON); Count V (Breach of Express Warranty-BROUGHTON); Count VI (Negligence-BROUGTHON). Each of the aforementioned Counts seek damages which arise out of damage caused to property caused by a number of occurrences involving the heaving of interior floor slabs which caused the cracking of floor slabs, the cracking of interior partitions, the cracking of exterior wall panels and which caused other damage as the direct and proximate result of certain acts and omissions by DCI and its subcontractors with regard to the construction of an Osco Drug Store owned by ASPI involving the improper procurement,

improper delivery, and improper use of ash material as structural fill below the interior floor slabs of the Store.

3.  In the Underlying State Common Law Action BROUGHTON filed a third party complaint for contribution against CURRY and ARCHER-DANIELS-MIDLAND COMPANY (hereinafter "ARCHER") for damages arising from the events and occurrences alleged in the Second Amended Complaint filed by Plaintiff, ASPI in the Underlying State Common Law litigation (hereinafter the "ASPI Complaint"). Said third-party complaint is hereinafter referred to as the "BROUGHTON third-party complaint"). A copy of the BROUGTHON third-party complaint lawsuit is attached as "Exhibit 1" to AMERICAN STATES' Amended Complaint for Declaratory Judgment, and is hereby incorporated by reference as if fully set forth herein. Attached thereto and referenced as "Exhibit 1" is a copy of the ASPI Complaint, and the same is incorporated by reference herein as if fully set forth herein. The aforesaid policy of insurance issued by AMERICAN STATES (hereinafter the "AMERICAN STATES policy") is attached as "Exhibit 2" to AMERICAN STATES' Amended Complaint for Declaratory Judgment, and is hereby incorporated by reference as if fully set forth herein.

**C.  THE PARALLEL STATE LITIGATION: The State Declaratory Judgment Action Pending in the Eighteen Judicial Circuit, DuPage County, Illinois Brought by BITUMINOUS Against CURRY, ASPI and BROUGHTON; and the Third Party Declaratory Judgment Brought by ASPI Against AMERICAN STATES, CURRY and BROUGHTON**

5.  That as a result of the aforementioned BROUGHTON third-party complaint directed against CURRY, a declaratory judgment complaint was filed by another insurer of CURRY, being BITUMINOUS CASULATY CORPORATION (hereinafter "BITUMINOUS"). The aforesaid declaratory judgment complaint (hereinafter the "BITUMINOUS State declaratory judgment litigation"), which is currently pending in the Eighteenth Judicial Circuit, DuPage

County, Illinois, is captioned *Bituminous Casualty Corporation, Plaintiff v. Curry Ice & Coal, Inc., A Delaware corporation, Perry Broughton Trucking & Excavation, Inc., a Delaware corporation, and American States Properties, Inc., a Delaware Corporation, Defendants,* and has been assigned Case No. 2004 MR 1472. In the BITUMINOUS State declaratory judgment litigation, BITUMINOUS seeks a declaration that CURRY is not entitled to coverage, a defense or indemnity under a policy of insurance BITUMINOUS issued to CURRY arising from the BROUGHTON third-party complaint directed against CURRY in the Underlying State Common Law action.

6. In the BITUMINOUS State declaratory judgment litigation, ASPI has been granted leave to file a third-party complaint for Declaratory Judgment against AMERICAN STATES (hereinafter the "ASPI third party declaratory judgment complaint against AMERICAN STATES"). The aforesaid ASPI third party declaratory judgment complaint has been filed in the BITUMINOUS State declaratory judgment litigation, and a copy of the same with exhibits is attached to hereto and incorporated by reference as "Exhibit 1." A copy of the aforementioned BITUMINOUS State declaratory judgment litigation is attached to the ASPI third party complaint as Exhibit 1, and the same in hereby incorporated. Attached to the BITUMINOUS declaratory judgment complaint as "Exhibit C" is a copy of the BITMINOUS insurance policy issued to CURRY upon which the aforesaid declaratory judgment is sought (hereinafter the "BITIMOUS policy").

**D.  The State Declaratory Judgment Action Pending in the Seventh Judicial Circuit, Sangamon County, Illinois Brought by TRAVELERS Against DCI and ASPI; and the Third Party Declaratory Judgment Brought by ASPI Against USF& G and DCI**

7. That as a result of the ASPI Complaint, a declaratory judgment was filed in the Seventh Judicial Circuit, Sangamon County, Illinois by TRAVELERS IDEMNITY COMPANY

OF AMERICA, TRAVELERS INDEMNITY COMPANY OF CONNETICUT, and TRAVELERS IDEMNITY COMPANY OF ILLINOIS (hereinafter collectively referred to as TRAVELERS"). Said currently pending declaratory judgment complaint is captioned *Travelers Indemnity Company of America, Travelers Indemnity Company of Connecticut, and Travelers Indemnity Company of Illinois, Plaintiffs v. American Stores Properties, Inc. and Dearborn Construction, Inc. Defendants* (hereinafter the "TRAVELERS State declaratory judgment litigation"), and is assigned Case No. 2003 MR 125. Therein TRAVELERS seeks a declaration that DCI is not entitled to coverage, a defense or indemnity under any of four separate policies of insurance TRAVELERS issued to DCI arising from the ASPI Complaint directed against DCI in the Underlying State Common Law action (hereinafter collectively referred to as the TRAVELERS policies"). A copy of the TRAVELERS State declaratory judgment litigation is attached hereto and incorporated by reference as "Exhibit 2." Attached thereto and referenced as "Exhibit G," "Exhibit H," "Exhibit I," and "Exhibit J" are certain portions of each of the aforesaid TRAVELERS policies issued to DCI upon which the aforesaid declaratory judgment is sought, and the same is incorporated by reference herein as if fully set forth herein.

8. Also in the aforesaid TRAVELERS State declaratory judgment litigation, ASPI has brought a third-party complaint for declaratory judgment directed at DCI and UNITED STATES FIEDLEITY AND GUARANTY COMPANY (hereinafter "USF & G"). Therein, ASPI seeks a declaration that USF & G owes a coverage, a duty to defend, and indemnification to DCI under three separate policies of insurance issued by USF & G to DCI arising from the ASPI Complaint directed against DCI in the Underlying State Common Law action (hereinafter collectively referred to as the USF & G policies"). A copy of the third-party complaint for declaratory judgment filed by ASPI (hereinafter the "ASP third-party complaint for declaratory judgment

against USF & G") is attached hereto and incorporated by reference as "Exhibit 3." Attached thereto as "Exhibit C," and incorporated by reference as if fully set forth herein, is DCI's Answer to ASPI's Interrogatories and Notice to Produce in the Underlying State Action which also has included therein copies of the aforementioned USF & G policies.

## II. ARGUMENT

9. That while this Court's subject matter jurisdictional prerequisites have now been satisfied by the filing of the Amended Complaint for Declaratory Judgment alleging facts establishing diversity of citizenship, subject matter jurisdiction over this declaratory judgment action is necessarily premised upon to The Declaratory Judgment Act, 29 U.S.C. § 2201 (hereinafter the "Act"). Said Act is an enabling Act which confers discretion on the District Court in the determination of whether to exercise its jurisdiction even though the suit otherwise satisfies subject matter jurisdictional prerequisites. *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed 1620. Said Act does not confer an absolute right upon the litigant to federal jurisdiction. *Id.*

10. The *Brillhart* abstention doctrine governs a district court's decision to dismiss, or in the alternative to stay, a declaratory judgment action during the pendency of parallel state court proceedings. *Wilton v. Seven Falls Company*, 315 U.S. 277, 115 S.Ct. 2137. Under the *Brillart* abstention doctrine, this Court has discretion to decline to exercise its jurisdiction over this litigation; or in the alternative, to postpone its jurisdiction over this litigation pending resolution of the parallel litigation currently and contemporaneously pending in Illinois State court jurisdictions.

11. That the ASPI third party complaint against AMERICAN STATES is a parallel suit which is an adequate vehicle for the complete and prompt resolution of the issues which all

involve the application of the law of the State of Illinois between the parties hereto. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927.

12. In this litigation, a dismissal based upon the doctrine of abstention, or in the alternative a stay of this proceeding, is clearly justified. Such a dismissal, or in the alternative a stay, results in wise judicial administration as it conserves judicial resources while promoting the comprehensive disposition of litigation. Further, dismissal of this action avoids a waste of resources by the parties in litigating the same issues as are currently pending in the state courts regarding not only the same parties, but other substantially same parties, of the same issues arising from the same operative core facts.

WHEREFORE, your Defendant AMERICAN STORES PROPERTIES, INC. prays this Honorable Court enter an Order dismissing this action with prejudice; or in the alternative, enter an Order dismissing this action without prejudice; or in the alternative staying this action pending the outcome of each of the three pending Illinois State Court proceedings; or for any other relief this Court deems proper and just.

Respectfully submitted,

AMERICAN STORES PROPERTIES, INC.

By: /s/ Randall G. Talan
Randall G. Talan
One of Its Attorneys.

By: /s/ Steven P. Rouse
Steven P. Rouse
One of Its Attorneys

Doc:290979_1

7

Randall G. Talan
Attorney No. 2794470
Steven P. Rouse
Attorney No. 6189672
MENGES & MOLZAHN, LLC
20 North Clark Street, Suite 2300
Chicago, IL 60602-5002
Ph: 312/917-1880
Fax: 312/917-1851