FILED
APR 1 3 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) No.  04-3276 <br> ) <br> CURRY ICE & COAL, INC.; DEARBORN ) <br> CONSTRUCTION, INC., an Idaho corporation; ) <br> PERRY BROUGHTON TRUCKING & ) <br> EXCAVATING, INC., a Delaware corporation; ) <br> ARCHER DANIELS MIDLAND COMPANY; and ) <br> AMERICAN STORES PROPERTIES, INC., a ) <br> Delaware Corporation, ) <br> ) <br> Defendants. ) | |

**AMERICAN STORE PROPERTIES, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Defendant, AMERICAN STORES PROPERTIES, INC. (hereinafter "ASPI"), by its attorneys, MENGES & MOLZAHN, LLC , and for its Motion to Dismiss the Amended Complaint for Declaratory Judgment filed herein by Plaintiff, AMERICAN STATES INSURANCE COMPANY, pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative to stay this action,  state as follows:

**I. POINTS AND AUTHORITIES**

The Declaratory Judgment Act confers "unique and substantial discretion" on the district court in the determination of whether to exercise its jurisdiction. 29 U.S.C. § 2201; *Brillhart v. Excess Insurance Co. of America*,  316 U.S. 491 at 286, 62 S.Ct. 1173, 86 L.Ed 1620 (1942).

The *Brillhart* doctrine controls a district court's decision to exercise discretion in a declaratory judgment action. *Wilton v. Seven Falls Company*, 315 U.S. 277, 115 S.Ct. 2137 (1995)

There is nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory judgment action. *Wilton v. Seven Falls Company*, 315 U.S. 277, 115 S.Ct. 2137 (1995); *quoting* Borchard, Declaratory Judgment s 312-3143 (2nd Ed. 1941); Borchard, Discretion to Refuse Jurisdiction of Actions for Declaratory Judgments, 26 Minn.L.Rev. 677 (1942).

Page 8

Four factors to be considered in a *Brillhart* abstention analysis. *Wright v. Westport Insurance Corporation*, 2003 WL 22327064 *1; citing *National Insurance v. Zavalis*, 52 F.3d 689 (7th Circ. 1995).

Special or exceptional circumstances need not be present in abstention over a declaratory judgment action. *Wilton v. Seven Falls Company*, 315 U.S. 277, 115 S.Ct. 2137 (1995).

Page 9

"Substantially the same" parties are considered "identical parties" for purposes of an abstention analysis. *Caminiti & Iatarola Ltd v. Behnke Warehousing Inc.*, 962 F.2d 698 (7th Cir. 1992).

Identical parties exists even though the exact same plaintiffs and defendants are not parties to both a federal action and a state court action. *Lunmen Construction, Inc. v. Brant Construction Company, Inc.*, 780 F.2d 691, 23 ERC 2036.

Page 11

Deference should be afforded to the State courts when contractual claims are pending in State court and are governed by State law. *Lumen Construction, Inc. v. Brant Construction Company, Inc*, 780 F.2d 691, 23 ERC 2036

Page 12

Considerations of practicality and wise judicial administration override all other considerations in an abstention analysis. *Wilton v. Seven Falls Company*, 315 U.S. 277, 115 S.Ct. 2137 (1995)

Abstention is appropriate where there is a parallel suit which is "an adequate vehicle for the complete and prompt resolution of the issues between the parties hereto. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927.

Page 14

## II. BACKGROUND

**A. The Related Litigation Pending In the Circuit Courts of Illinois**

In this case, AMERICAN STATES INSURANCE COMPANY (hereinafter "AMERICAN STATES") seeks a judgment declaring the rights of the parties under a general commercial policy of insurance related to certain occurrences or events arising from the improper procurement, improper delivery, and improper use of ash material by its named insured, CURRY ICE & COAL CO. (hereinafter "CURRY"), which was used as structural fill for an Osco store being constructed in Springfield, Illinois. The aforesaid store is owned by AMERICAN STORES PROPERTIES, INC. (hereinafter "ASPI"). The additional named parties to this litigation are each of the contractors or subcontractors involved in the aforesaid store construction; being: DEARBORN CONSTRUCTION (hereinafter "DCI"); PERRY BROUGHTON TRUCKING & EXCAVATING, INC. (hereinafter "BROUGTON"), and ARCHER DANIELS MIDLAND COMPANY (hereinafter "ARCHER").

Currently there is pending in the Seventh Judicial Circuit of the State of Illinois, Springfield, Sangamon County, Illinois, ASPI's previously filed complaint against DCI and BROUGHTON for damages which arise out of damage caused to property as aforementioned and which was caused by a number of occurrences involving the heaving of interior floor slabs which caused the cracking of floor slabs, the cracking of interior partitions, the cracking of exterior wall panels and which caused other damage as the direct and proximate result of certain acts and omissions by DCI and its subcontractors with regard to the construction of the aforementioned Osco Drug Store involving the improper procurement, improper delivery, and improper use of ash material as structural fill below the interior floor slabs of the Store

3

(hereinafter the "Underlying State Common Law Action." ). BROUGHTON tehn filed a third party complaint for contribution against CURRY and ARCHER-DANIELS MIDLAND COMPANY (hereinafter referred to respectively as the "DCI third party complaint" and the "BROUGHTON third party complaint").

That as a result of the Underlying State Common Law litigation, numerous declaratory judgment complaints have been filed certain Circuit Courts of the State of Illinois which each seek a declaration of the rights of certain parties under various policies of insurance regarding the occurrences or events at issue in the Underlying State litigation. Each of the causes of action are set forth in detail in the corresponding Motion to Dismiss.

In summary, the four currently pending complaints for declaratory judgment related to policies of insurance: 1) the ASPI Third Party declaratory judgment complaint against AMERICAN STATES and CURRY pending in the Eighteen Judicial Circuit, DuPage County, Illinois (hereinafter the "parallel state litigation"); 2) the BITUMINOUS declaratory judgment complaint against CURRY and AMERICAN STATES pending in the same case as the aforementioned third party ASPI complaint (hereinafter the "BITUMINOUS State declaratory judgment litigation"); 3) the TRAVELERS' declaratory judgment complaint against  declaratory judgment complaint against DCI and ASPI pending in the Seventh Judicial Circuit, Sangamon County, Illinois (hereinafter the "TRAVELERS' State declaratory judgment litigation"); and 4) the ASPI third party declaratory judgment complaint against USF& G and DCI pending in the same case of aforementioned in Seventh Judicial Circuit, Sangamon County, Illinois (hereinafter the "ASPI third party State declaratory judgment action in the TRAVELER'S State declaratory judgment litigation.").

4

**B. The Issues Raised in the Pending Related Litigation**

The declaratory judgment action filed by AMERICAN STATES in this Federal District does not involve a federal question. Rather, subject matter jurisdiction in this case is based solely on diversity of citizenship of the parties pursuant to 28 U.S.C.A. §1332, and involves the application, interpretation and resolution of Illinois law and policy regarding insurance coverage, duty to defend and duty to indemnify as it applies to CURRY with respect to the AMERICAN STATES policy. In particular, AMERICAN STATES raises certain policy provisions and issues to which Illinois law is applicable; including the following: 1) Late Notice; 2) Failure to Cooperate (arising out of the Late Notice); 3) No Occurrence; and 4) No Covered Damage to Property (including provisions related to "Damage to Your Work," "Damage to Impaired Property or Property Not Physically Injured," "Recall of Products, Work, or Impaired Property" and "Products-completed operations hazard").

Similarly, the BITUMINOUS State declaratory judgment action filed by BITUMINOUS against CURRY necessarily involves the application, interpretation and resolution of Illinois law and policy regarding insurance coverage, duty to defend and duty to indemnify. In particular, BITUMINOUS raises substantially similar policy provisions and issues as to CURRY as are raised by AMERICAN STATES as to CURRY; including the following: 1) Failure to Cooperate (arising out of Late Notice); 2) No Occurrence during the policy period; and 3) No Covered Damage to Property (including provisions related to "Damage to Your Product," "Damage to Your Work," "Damage to Impaired Property or Property Not Physically Injured," "Recall of Products, Work, or Impaired Property" and "Products-completed operations hazard").

The TRAVELERS State declaratory judgment litigation also necessarily involves the application, interpretation and resolution of Illinois law regarding insurance coverage, duty to defend and indemnification as it applies to the four TRAVELERS polices with regard to its insured, DCI. In particular, TRAVELERS raises substantially similar policy provisions of each of the four policies of insurance as to those raised by AMERICAN STATES; including the following: 1) Late Notice; 2) No Occurrence during the policy period; 3) No Covered Damage to Property (including provisions related to "Damage to Your Product," "Damage to Your Work," "Damage to Impaired Property or Property Not Physically Injured," "Recall of Products, Work, or Impaired Property" and "Products-completed operations hazard"); and 4) No Accident (i.e.; expected or intended results of poor workmanship).

While as of yet USF& G has not filed an Answer or Affirmative Defenses to the ASPI third-party declaratory judgment complaint filed in the TRAVELERS State declaratory judgment litigation at this time, the aforesaid policies of insurance also contain the same or substantially similar language in certain provisions relating to defining 1) Notice; 2) Cooperation, 3) Occurrence triggering coverage, and 4) Covered Damage to Property (including provisions related to "Damage to Your Product," "Damage to Your Work," "Damage to Impaired Property or Property Not Physically Injured," "Recall of Products, Work, or Impaired Property" and "Products-completed operations hazard").

That all of the aforementioned litigation arises from the same core operative facts as set forth in the ASPI Complaint and the BROUGHTON third party complaint filed in the Underlying State Common Law Action; i.e.: damages which arise out of damage caused to property caused by a number of occurrences involving the heaving of interior floor slabs which caused the cracking of floor slabs, the cracking of interior partitions, the cracking of exterior wall

panels and which caused other damage as the direct and proximate result of certain acts and omissions by DCI and its subcontractors with regard to the construction of an Osco Drug Store owned by ASPI involving the improper procurement, improper delivery, and improper use of ash material as structural fill below the interior floor slabs of the Store.

## III. ARGUMENT

### A. The *Brillhart* Abstention Doctrine Controls The District Court's Substantial and Unique Discretion Over A Determination of Whether to Exercise Jurisdiction Over Declaratory Judgments

This Court has subject matter jurisdiction to entertain request for declaratory relief pursuant to The Declaratory Judgment Act, 29 U.S.C. § 2201 (hereinafter the "Act"). The Act is an enabling legislation which confers "unique and substantial discretion" on the district court in the determination of whether to exercise its jurisdiction even though the suit otherwise satisfies subject matter jurisdictional prerequisites. *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 at 286, 62 S.Ct. 1173, 86 L.Ed 1620 (1942). The discretionary provision of the Act is generally referred to as the *Brillhart* abstention doctrine. While there are other several other abstention doctrines, the *Brillhart* doctrine controls a district court's decision to dismiss, or in the alternative to stay, a declaratory judgment action during the pendency of parallel state court proceedings. *Wilton*, 315 U.S. 277.

Correspondingly, the Act does not confer an absolute right upon the litigant, AMERICAN STATES, to federal jurisdiction. There is "nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court to hear a declaratory judgment action." *Wilton v. Seven Falls Comp*any, 315 U.S. 277 at 288, 115 S.Ct. 2137 (1995); *quoting* Borchard,

Declaratory Judgment s 312-3143 (2nd Ed. 1941); Borchard, Discretion to Refuse Jurisdiction of Actions for Declaratory Judgments, 26 Minn.L.Rev. 677 (1942).  Therefore, the filing by AMERICAN STATES of its declaratory judgment complaint is, at most, a request made by AMERICAN STATES for this Court to exercise its substantial and unique discretion in favor of granting federal jurisdiction over a request for declaratory relief.  For the reasons set forth below, it is respectfully submitted that this Court should abstain from granting this request.

### B. Practicality and Wise Judicial Administration, Along With Consideration of the Four *Wright* Factors, Overwhelmingly Support This Court Declining To Exercise Its Discretionary Jurisdiction Over This Declaratory Judgment Action filed by American States Against ASPI, CURRY, and BROUGHTON

At the onset it is of paramount importance in an abstention analysis to recognize that this AMERICAN STATES Federal declaratory judgment litigation does not involve a Federal question.  Rather, subject matter jurisdiction in this case is based solely on diversity of citizenship of the parties pursuant to 28 U.S.C.A. §1332.  AMERICAN STATES could have as easily have filed this action in the State Courts of Illinois; either in DuPage County were a previously filed declaratory judgment action was pending against its named insured, CURRY, by relative to the application of the same coverage provision of another insured's policy of insurance to the same underlying core operative facts.

Correspondingly, this AMERICAN STATES Federal declaratory judgment litigation solely involves the application, interpretation and resolution of Illinois law and policy regarding insurance coverage, duty to defend and duty to indemnify under the AMERICAN STATES policy as it applies to the same core operative facts as set forth in the ASPI Complaint filed in the Underlying State Common Law Action.

#### 1. By Virtue of the Four *Wright* Factors, It Is Clear This Court Should Deny American State's Request for This Court to Exercise Its Discretionary Jurisdiction Over this Declaratory Judgment Action

In determining whether to decline the granting of federal jurisdiction in a declaratory judgment case under the *Brillhart* abstention doctrine, the district court should be guided by the following considerations: 1) whether the declaratory suit presents a question distinct from the issues in the state court proceeding; 2) whether the parties to the two actions are identical; and 3) whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships amongst the parties or will merely amount to duplication and piecemeal litigation; and 4) whether comparable relief is available. *Wright v. Westport Insurance Corporation*, 2003 WL 22327064 *1; citing *National Insurance v. Zavalis*, 52 F.3d 689 (7th Circ. 1995). Special or exceptional circumstances need not be present in order for this Court to decline to exercise its jurisdiction over a declaratory judgment action. *Wilton*, 315 U.S. at 286. By virtue of each of the four factors which this Court should consider as set forth in the *Wright* case, it is clear that this Court should decline to exercise its discretion to grant jurisdiction over this declaratory judgment action.

The first *Wright* factor clearly weighs in favor of abstention. There is currently pending in the Eighteenth Judicial Circuit, DuPage County, Illinois a declaratory judgment which raises the exact same issues as are raised in this litigation relative to coverage determinations under the AMERICAN STATES policy of insurance issued to CURRY. The ASPI third-party complaint for declaratory judgment directed against AMERICAN STATES is simply the mirror image of this litigation wherein AMERICAN STATES will be able to raise the same issues and policy provisions as set forth in its declaratory judgment complaint herein; being: 1) Late Notice; 2) Failure to Cooperate (arising out of the Late Notice); 3) No Occurrence; and 4) No Covered Damage to Property (including provisions related to "Damage to Your Work," "Damage to

9

Impaired Property or Property Not Physically Injured," "Recall of Products, Work, or Impaired Property" and "Products-completed operations hazard").

The second *Wright* factor also supports abstention. The parties to this litigation are identical for purposes of an abstention analysis in that the parties need only be "substantially the same." *Caminiti & Iatarola Ltd v. Behnke Warehousing Inc.*, 962 F.2d 698 (7th Cir. 1992). Both AMERICAN STATES and its named insured, CURRY, are parties to the ASPI third-party declaratory judgment filed in the declaratory judgment case pending between BITUMINOUS and CURYY. Although the AMERICAN STATES declaratory judgment complaint does name as defendants other interested parties as defendants, their inclusion herein and absence as parties in the state parallel state litigation does not affect a finding of identical parties in an abstention analysis. *Lunmen Construction, Inc. v. Brant Construction Company, Inc.*, 780 F.2d 691, 23 ERC 2036. In *Lunmen*, the United States Court of Appeals for the Seventh Circuit found the existence of identical parties for purposes of upholding the district court's grant of a motion for abstention even though two plaintiffs and one defendant in the federal action were not parties to the state court action. Despite the state court ruling denying leave of the plaintiff's motion to bring in an additional party, the *Lunmen* Court specifically noted that there was no reason those parties could not have been joined as parties in the state case. In this case were there is no state court ruling prohibiting the addition of parties and where the parallel state court litigation is relatively new, there clearly is no reason DCI, BROUGHTON, and ARCHER would not be added as interested parties in the pending parallel State litigation in the Eighteen Judicial Circuit, DuPage County, Illinois should AMERICAN STATES be so inclined.

The third *Wright* factor also weighs heavily in favor of abstention by this Court. Going forward with this declaratory action will serve no useful purpose in clarifying the legal

obligations and relationships amongst the parties, but rather will merely amount to duplication and piecemeal litigation as between the federal case, its parallel state case and the other pending state declaratory judgment cases. The same parties will be conducting duplicative discovery, depositions, pleadings, motions and hearings in state courts, or at the very least in the parallel state litigation and in this federal case.

Correspondingly, as and between the Illinois State Courts and this District Court, there will be a duplication of time and effort spent presiding over hearings related to that same duplicative discovery, motions, and ultimately the trial not only in the parallel proceeding of the ASPI third party declaratory judgment pending against AMERICAN STATES in DuPage County, but also in a more general sense between this federal jurisdiction and the other related state declaratory judgment litigations stemming from the Underlying State litigation. Such is the case in as much as the BITUMINOUS State declaratory judgment litigation, the TRAVELERS State declaratory judgment litigation, and the insurance policies issued by USF& G which are at issue in the ASPI third party complaint pending in the TRAVELERS' state litigation each involve the same or substantially similar language as set forth in the limitation of coverage provision and exclusionary provisions of the insurance policies relied upon by AMERICAN STATES in reference to its insurance policy at issue herein and in the parallel state litigation; being in general: 1) Notice; 2) Cooperation, 3) Occurrence triggering coverage, and 4 ) Covered Damage to Property (including provisions related to "Damage to Your Product," "Damage to Your Work," "Damage to Impaired Property or Property Not Physically Injured," "Recall of Products, Work, or Impaired Property" and "Products-completed operations hazard").

Specifically, each of the above referenced declaratory judgment litigations involve resolution of contractual claims, both as to the insurance policies themselves and the construction

11

contracts related to the Underlying State litigation. As such, deference should be accorded to the State court over maintaining a duplicate proceeding in Federal court, because the State court is in a superior position to resolve those contractual issues. *Accord, Lumen Construction, Inc. v. Brant Construction Company, Inc.*, 780 F.2d 691 at 696, 23 ERC 2036 (state court is in a "far superior position" to sort out the contractual rights of parties where contractual claims are pending in state court and are governed by state law). This is particularly true of the parallel litigation wherein the named insured of AMERICAN STATES, being CURRY, ASPI and AMERICAN STATES are currently parties to an action pending for the same cause of action in DuPage County by virtue of the ASPI third party complaint for declaratory judgment against AMERICAN STATES, and where CURRY and ASPI are parties to the DuPage action involving the same or substantially the same issues of law and fact by virtue of the BITUMINOUS State declaratory judgment action pending in DuPage County.

Further, given that the BITUMNIOUS insurance policies, the USF& G policy, the TRAVELERS insurance polices, and the AMERICAN STATES insurance policy all contain the same or substantially the same language, abstention by this Court eliminates the possibility that this Court may reach a different result from the Illinois State Courts as to an ultimate resolution of whether a question of fact or law exists in applying Illinois law to the same core operative facts at issue herein. The potential for collateral or judicial estoppel as and between this litigation, the parallel state litigation, and the other related state declaratory judgment cases, and the Underlying State Common Law litigation is apparent based upon this unique set of pending litigations . Likewise, it is also self evident that judicial economy is not served by the pendency of this federal litigation in light of not just the parallel state litigation, but all the other pending actions in Illinois State Court.

The final and fourth *Wright* factor also clearly supports abstention. Comparable relief is available in a state court. In this litigation, AMERICAN STATES seeks a judgment declaring the rights of its insured, CURRY, and other interested parties under a specific policy of insurance issued by AMERICAN STATES to CURRY as it relates to the same core operative facts as alleged in the ASPI Underlying State Common Law litigation and the third party complaint. Similarly, in the ASPI third party State declaratory judgment complaint filed in the BITUMINOUS declaratory judgment State litigation involving BITUMINOUS' named insured, CURRY, ASPI also seeks a judgment declaring the rights of the insured, CURRY, under the same policy of insurance at issue herein which was issued by AMERICAN STATES to CURRY, as it relates to the same core operative facts as alleged in the ASPI Underlying State litigation and third party complaint. The relief request in this federal venue is equally available in the State court jurisdiction to the other parties named in this litigation which have been included solely as interested parties. In short, these two parallel actions at issue herein are between the same parties for the same cause and the same relief is available in both the federal and state courts.

### 2. Practicality and Wise Judicial Administration Prescribe A Denial of American State's Request for This Court to Exercise Its Discretionary Jurisdiction Over this Declaratory Judgment Action

The United States Supreme Court in *Wilton* unequivocally stated that considerations of practicality and wise judicial administration override all other considerations to be taken into account by a District Court in the determination of whether or not to exercise its discretionary jurisdiction. *Wilton,* 315 U.S. at 288. In this situation, the considerations of practicality, wise judicial administration, as well as, each of the four considerations set forth in the *Wright* case all clearly favor this Court declining to exercise its discretionary jurisdiction over this declaratory

judgment litigation. In this case, the parallel state litigation brought about by the ASPI third party complaint against AMERICAN STATES is clearly a parallel suit which is "an adequate vehicle for the complete and prompt resolution of the issues between the parties hereto." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927. Additionally, consideration of practicality and wise judicial administration necessarily invoke a consideration of the other related state proceedings detailed in Section I of this Motion. The four other related complaints pending in state court each seek a judgment declaring the right of parties to insurance contracts, and all of which 1) arise from the same set of core operative facts set forth in the ASPI Complaint filed in the Underlying State litigation, and 2) involve the application and interpretation of Illinois law to the same or substantially the same insurance coverage provisions and policy exclusions as those contained in the AMERICAN STATES policy which is at issue herein. Therefore, each of the four pending state declaratory judgment actions mentioned above, as well as this litigation, will necessarily involve judicial determinations of whether a genuine issues of material fact exists, and the application of Illinois law to the core operative facts as set forth in the ASPI Underlying State Common Law litigation in order to resolve the insurance related issues; including but not limited to: notice, work product, completion of work, impaired property, damaged property, and occurrence. Thus, all of these identical issues which involve Illinois law, as applied to Illinois contracts, and as applied to events or occurrences arising from construction which occurred in Illinois should be resolved by the Circuit Courts of the State of Illinois, so as to limit the potential of collateral estoppel, unfairness to the litigants by numerous duplicative proceedings, and contradictory judicial determinations as between federal and state jurisdictions.

## IV. CONCLUSION

A dismissal with prejudice of the AMERICAN STATES Complaint for Declaratory Judgment based upon the doctrine of abstention, or in the alternative a stay of this proceeding, is clearly justified. Such a dismissal results in wise judicial administration as it conserves judicial resources while promoting the comprehensive disposition of litigation. Further, dismissal avoids a waste of resources by the parties in litigating the same issues as are currently pending in the state courts regarding the same parties of the same issues arising from the same operative core facts. Also avoided is the potential that this Court may reach a different result from the Illinois State Courts in the application of Illinois law to insurance policies issued in Illinois and to factual determinations arising from Illinois events or occurrences. Finally, no prejudice will result to AMERICAN STATES by litigating its request for declaratory relief in a state court.

WHEREFORE, the Defendant AMERICAN STORES PROPERTIES, INC. prays this Honorable Court enter an Order dismissing this action with prejudice; or in the alternative, enter an Order dismissing this action without prejudice; or in the alternative staying this action pending the outcome of each of the three pending Illinois State Court proceedings; or for any other relief this Court deems proper and just.

Respectfully submitted,

AMERICAN STORES PROPERTIES, INC.

By: _____
Randall G. Talan
One of Its Attorneys

By: _____
Steven P. Rouse
One of Its Attorneys

Randall G. Talan, Attorney No. 2794470
Steven P. Rouse, Attorney No. 6189672
MENGES & MOLZAHN, LLC
20 North Clark Street, Suite 2300
Chicago, IL 60602-5002
Ph: 312/917-1880; Fax: 312/917-1851