**E-FILED**
Wednesday, 27 April, 2005  03:40:59 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

AMERICAN STATES INSURANCE COMPANY, )
                   Plaintiff,         )
              v.             )      No.: 04-3276
CURRY ICE & COAL, INC.; DEARBORN    )      Honorable Judge Jeanne E. Scott
CONSTRUCTION, INC., an Idaho corporation; )
PERRY BROUGHTON TRUCKING &     )
EXCAVATING, INC., a Delaware corporation  )
ARCHER DANIELS MIDLAND COMPANY, a  )    Magistrate Judge Byron C. Cudmore
Delaware corporation; MIDWEST ENGINEERING )
SERVICES, INC., an Illinois corporation; and  )
AMERICAN STORES PROPERTIES, INC.,     )
a Delaware corporation,                )
                   Defendants.   )

## NOTICE OF FILING

**TO: SEE ATTACHED SERVICE LIST**

      PLEASE TAKE NOTICE that on the April 27, 2005, there was filed with the United States District Court for the Central District of Illinois:

**AMERICAN STATES INSURANCE COMPANY'S RESPONSE**
**TO MOTION TO DISMISS AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**
a copy of which is attached hereto and served upon you.

                        *s/Gregory G. Vacala*_____  _____
                        Gregory G. Vacala  #6184543, One of the Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

      I hereby certify that on April 27, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants listed on the attached Service List and I hereby certify that I have mailed by United States Postal Service the document to the Non-CM/ECF participants also listed on the attached Service List.

                        **s/ Gregory G. Vacala**
                        Gregory G. Vacala Bar Number 6184543
                        James C. Barrow Bar Number 6269376
                        William J. Harrington Bar Number 6209294
                        Attorneys for Plaintiff
                        RUSIN MACIOROWSKI & FRIEDMAN, LTD.
                        10 South Riverside Plaza, Suite 1530
                        Chicago, Illinois 60606
                        Telephone: (312) 454-5110 Fax: (312) 454-6166
                        E-mail: gvacala@rusinlaw.com

NOF -Plaintiff's Resp. to Mot Dis Amended Complaint (00312667.DOC)

**RUSIN MACIOROWSKI & FRIEDMAN, LTD.**
10 S. Riverside Plaza, Suite 1530
Chicago, IL 60606
Tel: 312-454-5110; Fax: 312-454-6166
**Attorneys for Plaintiff, American States Insurance Company**
Our File No.: 783.55

---

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

AMERICAN STATES INSURANCE COMPANY, )
                      Plaintiff, )
                      )
                  v. )      No.: 04-3276
CURRY ICE & COAL, INC.; DEARBORN )    Honorable Judge Jeanne E. Scott
CONSTRUCTION, INC., an Idaho corporation; )
PERRY BROUGHTON TRUCKING & )
EXCAVATING, INC., a Delaware corporation )    Magistrate Judge Byron C. Cudmore
ARCHER DANIELS MIDLAND COMPANY, a )
Delaware corporation; MIDWEST ENGINEERING )
SERVICES, INC., an Illinois corporation; and )
AMERICAN STORES PROPERTIES, INC., )
a Delaware corporation, )
                Defendants. )

---

# SERVICE LIST
*(Revised 4/26/05)*

Clerk of the Court
Mr. Ryan Waterman
**United States District Court**
**Central District of Illinois**
600 E. Monroe
Room 151
Springfield, Illinois 62701
Tel: 217-492-4000

# CM/ECF PARTICIPANTS

**Attorneys for Defendant, AMERICAN STORES PROPERTIES, INC.,**
**a Delaware corporation**
Steven P. Rouse
Randall G. Talan
**Menges & Molzahn, LLC**
20 North Clark Street, Suite 2300
Chicago, Illinois 60602-5002
Tel: 312-917-1880; Fax: 312-917-1851

NOF -Plaintiff's Resp. to Mot Dis Amended Complaint (00312667.DOC)

# NON CM/ECF PARTICIPANTS

**Attorneys for Defendant, ARCHER-DANIELS MIDLAND COMPANY**
Jerrold H. Stocks
**Winters, Featherstun, Gaumer, Postlewait, Stocks & Flyn**
P.O. Box 1760
Decatur, IL 62526
Tel: 217-429-4453; Fax: 217-425-8892
(Street Address: 225 North Water Street, Suite 200, Decatur, IL 62523)

**Attorneys for Defendant, MIDWEST ENGINEERING SERVICES, INC. ("MES")**
Edw. Fitzsimmons Dunne
**Crisham & Kubes, Ltd.**
30 N. LaSalle St., Suite 2800
Chicago, IL 60602
Tel: 312-327-2500; Fax: 312-327-2450
Their File No. 10412

**CURRY ICE & COAL, INC.**
Mr. Paul D. Leefers, Vice President
Curry Ice & Coal, Inc.
21149 Route 4
Carlinville, IL 62626

**PERRY BROUGHTON TRUCKING AND EXCAVATING, INC.**
Perry Broughton Trucking and Excavating, Inc.
c/o Agent: Ralph Bawden
110 S. Cleveland
Farmersville, IL 62533


Service List USDC Central Dist 03-3276   (00312667.DOC)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 04-3276 |
| ) | |
| CURRY ICE & COAL, INC.; DEARBORN ) | Honorable Judge Jeanne E. |
| CONSTRUCTION, INC., an Idaho corporation; ) | Scott |
| PERRY BROUGHTON TRUCKING & ) | |
| EXCAVATING, INC., a Delaware corporation ) | Magistrate Judge Byron C. |
| ARCHER DANIELS MIDLAND COMPANY, a ) | Cudmore |
| Delaware corporation; MIDWEST ENGINEERING) | |
| SERVICES, INC., an Illinois corporation; and ) | Oral Argument Requested |
| AMERICAN STORES PROPERTIES, INC., ) | |
| a Delaware corporation, ) | |
| ) | |
| Defendants. ) | |

## AMERICAN STATES INSURANCE COMPANY'S
## RESPONSE TO MOTION TO DISMISS AMENDED COMPLAINT
## FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff AMERICAN STATES INSURANCE COMPANY,

by and through its attorneys RUSIN MACIOROWSKI & FRIEDMAN, LTD., and for its

Response to the Motion to Dismiss the Amended Complaint for Declaratory Judgment, or

in the alternative to stay this action filed by American Stores Properties, Inc., hereinafter

referred to as "ASPI", states as follows:

**A.    AMERICAN STORES PROPERTIES, INC. LACKS THE REQUISITE
       STANDING TO BRING THIS MOTION TO DISMISS/STAY THESE
       PROCEEDINGS.**

American Stores Properties, Inc. lacks standing to bring the motion before this

court. The pending action is a Declaratory Judgment Action filed by American States

Insurance Company.  The initial Complaint was filed by American States Insurance

Company on December 20, 2004 in the United States District Court Central District of

1

Illinois. In the initial Complaint and in the Amended Complaint for Declaratory Judgment, "ASPI" was named as a nominal party. (See paragraph 3 on page 2 of said Amended Complaint attached hereto as Exhibit A, absent exhibits).

The real parties in interest to this matter, American States Insurance Company and Curry Ice and Coal, Inc. have been litigating this matter since December of 2004, and have not expressed the desire to dismiss or stay this action. This is a Declaratory Judgment Action seeking to ascertain what coverage is afforded to Curry Ice & Coal, Inc. under the American States policy of insurance. "ASPI" is a nominal party, which should not be able to control/dictate whether the case proceeds before this Honorable Court.

Federal standing requires an allegation of a present immediate injury in fact, where the party requesting standing has "alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues." There must be some causal connection between the asserted injury and the challenged action, and the injury must be of the type "likely to be redressed by a favorable decision." *Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 105 S. Ct. 2965, citing to Valley Forge Christian College v. Americans United For Separation for Church and State, Inc. 454 U.S. 464, 472 (1982). See Simon v. Eastern Kentucky Welfare Rights Org. 426 U.S. 26, 41-42(1976); Arlington Heights vs. Metropolitan Housing Development Corporation, 429 U.S. 252, 261(1977).*

One of the prudential limits on standing is that a litigant must normally assert his own legal interest rather than those of third parties. *Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 105 S. Ct. 2965, citing to Singleton v. Wulff, 428 U.S. 106 (1976); Craig vs. Boren, 429 U.S. 190 (1976).*

2

A Plaintiff must show the following three elements to establish standing:

> First, the Plaintiff must have suffered an injury-in fact - - invasion of a legally protected interest which is (a) concrete and particularized, (b) actually or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of - - the injury has been fairly traceable to the challenged action of the Defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

> PAC for Middle America v. State Board of Elections, 1995 U.S. Dist. Alexis 14021 (N.D. Ill. Sept. 20, 1995) citing to Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S. Ct. 2130, 2136, 119 l. Ed. 2d 351 (1992) (citations, Ellipses and Internal "omitted"); accord *United States v. Hays,* U.S., 115 S. Ct. 2431, 2435, 132 l. Ed. 2d. 635 (1995); *U.S. Ex. Rel. Hall v. Tribal Dev. Corp., 49 F. 3d 1208, 1211(7th Cir. 1995).*

As applied to the instant case, American Stores Properties, Inc. has not alleged any facts to warrant standing such as being a blanket additional insured, contractual insured and/or additional insured under the policy of insurance issued to Curry Ice & Coal, Inc. through American States Insurance Company. As "ASPI" lacks standing to bring the instant motion, Plaintiff American States Insurance Company, requests that this Honorable Court deny the pending motion.

## B.    IT IS WITHIN THIS COURT'S DISCRETION TO CHOOSE TO GRANT FEDERAL JURISDICTION TO THE INSTANT PENDING ACTION

It is Plaintiff American State Insurance Company position that "ASPI" lacks standing to bring the instant Motion to Dismiss. Without waiving said position, should this Court determine there is requisite standing, the motion should be denied. It is within this Court's discretion to choose to grant Federal jurisdiction to the instant pending action. The movant, "ASPI" is a nominal party to this action. The real parties in interest

American States Insurance Company and Curry Ice & Coal, Inc. have been litigating this matter since the filing of American States' initial complaint on December 20, 2004.

With the exception of the recently filed Third Party Complaint filed by American States Insurance Company in Du Page County, none of the pending State actions referred to in "ASPI's" Motion to Dismiss Amended Complaint for Declaratory Judgment address whether the American States Insurance policy affords coverage to Curry Ice & Coal. On or about March 23, 2005, American Stores Properties, Inc. filed a Third Party Complaint against American States Insurance Company in the Du Page action under case number 2004 MR 1472. (See Volume I of II of American Stores Properties, Inc.'s Exhibits to Motion to Dismiss Amended Complaint for Declaratory Judgment).

As in the instant action, "ASPI" is a nominal party in the Declaratory Judgment Action pending in Du Page County. The complaint in that case was filed by Bituminous Casualty Corporation and is a Declaratory Judgment Action seeking a determination as to whether Bituminous Casualty Corporation has a duty to defend and indemnify Curry Ice & Coal, in the underlying action pending in the Circuit Court of Sangamon County, Illinois entitled American Stores Properties, Inc. v. Dearborn Construction, Inc. and Perry Broughton Trucking & Excavating, Inc. and docketed there as case number 2002 L 0147. (See Third Party Complaint for Declaratory Judgment contained in Volume 1 of 2 of ASPI's Exhibits to Motion to Dismiss Amended Complaint for Declaratory Judgment at tab no. 1). *Wilton v. Seven Falls Co.*, 315 U.S. 277, 115 S. Ct. 2137 clarified that the general rule promulgated by Colorado River that a State Court action will bar proceeding involving the same matter in Federal Court only under exceptional circumstances is inappropriate in the context of suits brought under the Declaratory Judgment Act.

4

A district court has discretion to grant or deny an action seeking Declaratory Judgment. *Wilton* 515 U.S. @ 280. When evaluated in its entirety, this court should choose to exercise its discretionary jurisdiction over the pending Declaratory Judgment action. Facts in support of this decision are:

1. "ASPI" is a nominal party.

2. The real parties in interest, American States Insurance Company and Curry Ice & Coal have voiced no objection to the matter proceeding in District Court.

3. American States Insurance Company's Declaratory Judgment Action was filed on December 20, 2004.

4. American Store Properties, Inc.'s Third Party Complaint was not filed until March 23, 2005.

As applied to the instant case, American Stores Properties, Inc. is a nominal party which is attempting to dictate/control the litigation of American States Insurance Company's Declaratory Judgment. This action has been pending in the court since December of 2004, and the real parties in interest have voiced no objection to the District Court's acceptance of jurisdiction. The Federal Court action provides a better and more effective means for determining the underlying facts germane to the Declaratory Judgment action. For the foregoing reasons, Plaintiff moves this Honorable Court to deny the Defendant's Motion to Dismiss.

## C.    THE SEVENTH CIRCUIT FAVORS STAY OVER DISMISSAL IN ABSENTATION CASES

As previously set forth, Plaintiff American State Insurance Company does not believe that the Defendant "ASPI" has standing to bring this instant motion. Should the Court determine that "ASPI" does have the requisite standing to pursue said motion, American States Insurance Company objects to any dismissal and would request that the

5

matter be stayed. The Seventh Circuit has routinely found that a stay, not a dismissal, is the appropriate procedural mechanism for the District Court to employ in deferring to a parallel state court proceeding. See, E.G. Rogers vs. Desiderio, 58 F. 3d 299, 302 (7th Cir. 1995); LaDuke v. Burlington Northern Railroad Company, 879 F. 2d 1556, 1561-62 (7th Cir. 1989); Rosser v. Chrysler Corp. 864 F. 2d 1299, 1308-09 (7th Cir. 1988); Lumen Constr., Inc. vs. Brant Constr., Inc., 780 F. 2d 691, 697-98 (7th Cir. 1985); Board of Ed. of Valley View v. Bosworth, 713 F. 2d 1316, 1322 (7th Cir. 1983)

WHEREFORE, the Plaintiff American States Insurance Company, prays this Honorable Court enter an Order denying Defendant's Motion to Dismiss Amended Complaint of Declaratory Judgment, and for any other relief this Court deems proper and just.

Respectfully Submitted,

s/ **Gregory G. Vacala**
Gregory G. Vacala, Bar #6184543,
one of the Attorneys for Plaintiff,
American States Insurance Company
Gregory G. Vacala #6184543
James C. Barrow, Bar #6269376
William J. Harrington, Bar #6209294
RUSIN MARCIOROWSKI & FRIEDMAN, LTD.
10 South Riverside Plaza, Suite 1530
Chicago, Illinois 60606
Telephone: (312) 454-5110
Fax: (312) 454-6166

# EXHIBIT A:

# AMENDED COMPLAINT
# FILED MARCH 17, 2005

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

AMERICAN STATES INSURANCE COMPANY, )
)
               Plaintiff,     )
)
          v.                )     No.:
)
CURRY ICE & COAL, INC.; DEARBORN    )
CONSTRUCTION, INC., an Idaho corporation;  )
PERRY BROUGHTON TRUCKING &      )
EXCAVATING, INC., a Delaware corporation  )
ARCHER DANIELS MIDLAND COMPANY;   )
and AMERICAN STORES PROPERTIES, INC.,  )
  a Delaware corporation,             )
)
             Defendants.   )

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, AMERICAN STATES INSURANCE COMPANY, by its attorneys, RUSIN MACIOROWSKI & FRIEDMAN, LTD., and for its Amended Complaint for Declaratory Judgment against the Defendant, CURRY ICE & COAL, INC.; DEARBORN CONSTRUCTION, INC., an Idaho corporation; PERRY BROUGHTON TRUCKING & EXCAVATING, INC., a Delaware corporation; ARCHER DANIELS MIDLAND COMPANY; and AMERICAN STORES PROPERTIES, INC., a Delaware corporation, state as follows:

## JURISDICTION

1.    Plaintiff, AMERICAN STATES INSURANCE COMPANY (hereinafter "AMERICAN STATES"), at all relevant times and material hereto was a corporation duly incorporated in Indiana and licensed to issue policies of insurance in the State of Illinois.

2.    Defendant, CURRY ICE & COAL, INC. (hereinafter "CURRY"), is a Delaware corporation having its principal place of business other than the State of Indiana. CURRY is a

third-party defendant in the lawsuit styled as case number 2002 L 0147 in the Circuit Court of Sangamon County (hereinafter "underlying lawsuit"). A copy of the third-party complaint lawsuit is attached hereto and incorporated herein as "Exhibit 1".

3.    Defendant, AMERICAN STORES PROPERTIES, INC. (hereinafter "ASPI"), is a plaintiff in the underlying lawsuit. ASPI is a Delaware corporation having its principal place of business other than the State of Indiana. ASPI is joined as a necessary party and will be dismissed if it agrees to be bound by the judgment herein.

4.    Defendant, DEARBORN CONSTRUCTION, INC. (hereinafter "DEARBORN"), is a defendant and third-party plaintiff in the underlying lawsuit. DEARBORN is an Idaho corporation having its principal place of business other than the State of Indiana. DEARBORN is joined as a necessary party and will be dismissed if it agrees to be bound by the judgment herein.

5.    Defendant, PERRY BROUGHTON TRUCKING & EVCAVATING, INC. (hereinafter "BROUGHTON"), is a defendant in the underlying lawsuit. BROUGHTON is a Delaware corporation having its principal place of business other than the State of Indiana. BROUGHTON is joined as a necessary party and will be dismissed is it agrees to be bound by the judgment herein.

6.    Defendant, ARCHER DANIELS MIDLAND COMPANY. (hereinafter "ARCHER") is a third-party defendant in the underlying lawsuit. ARCHER is a Delaware corporation having its principal place of business other than the State of Indiana. ARCHER is joined as a necessary party and will be dismissed if it agrees to be bound by the judgment herein.

7.    Defendant, MIDWEST ENGINEERING SERVICES, INC. (hereinafter "MIDWEST"), is a third-party defendant in the underlying lawsuit. MIDWEST is an Illinois

-2-

corporation having its principal place of business other than the State of Indiana. MIDWEST is joined as a necessary party and will be dismissed if it agrees to be bound by the judgment herein.

8.      Plaintiff in the underlying lawsuit seeks damages not less than $1,000,000. ASPI filed its Second Amended Complaint against various defendants, including BROUGHTON, seeking damages not less than $1,000,000 for damages as alleged in the underlying event or claim. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by U.S.C. § 1332.

**COUNT I**

**CURRY ICE & COAL, INC. – LATE NOTICE**

9.      AMERICAN STATES issued a policy of insurance, including a Commercial General Liability Form Number naming CURRY a named insured effective September 4, 1997 to September 4, 1998 (hereinafter "policy"). A copy of the insurance policy is attached hereto and incorporated herein as "Exhibit 2".

10.     The third-party complaint in the underlying lawsuit states BROUGHTON sustained damages due to the negligence of CURRY due to CURRY'S delivery of "ash that was not of Good quality." BROUGHTON is seeking contribution for damages from CURRY arising out of defective ash as alleged in the Second Amended Complaint filed by ASPI.

11.     On April 1, 2004, plaintiff in the underlying lawsuit placed CURRY on notice of an event or claim when it issued a Subpoena Duces Tecum to CURRY. See subpoena attached as "Exhibit 3".

12.     The subpoena requested documents as follows:

        "    1.    Documents which mention, refer to or concern the hauling and/or sale of flyash, ash, bottom ash and/or scrubber sludge for use as structural fill and/or the chemical treatment of fill

-3-

at the Osco Drug Store located at Mac Arthur Boulevard and Outer Park Road in Springfield, Illinois.

2.    Documents which mention, refer to or concern the "ash" referred to on the Freight Bill attached hereto as Exhibit "A".

3.    Documents which mention, refer to or concern the sale and/or delivery by CURRY OFFICE SUPPLY, INC., CURRY ICE & COAL, INC., and/or CURRY ICE & COAL OF CARLINVILLE, INC., (collectively, "CURRY) of the "ash" referred to in the Freight Bill attached hereto as Exhibit "A".

4.    Documents which mention, refer to or concern the hauling, sale and/or delivery by CURRY of flyash, ash, bottom ash and/or scrubber sludge for or to PERRY BROUGHTEN TRUCKING & EXCAVATING, INC., ("BROUGHTEN") during May 1998.

5.    Documents which mention, refer to or concern the source, method of collection, method of processing and/or storage, chemical composition, physical properties, or uses of flyash, ash, bottom ash and/or scrubber sludge hauled, sold and/or delivered by CURRY for or to BROUGHTEN during May, 1998."

13.    On May 5, 2004 CURRY responded to plaintiff's subpoena by providing all documents in its possession. See letter dated May 5, 2004 attached as "Exhibit 4".

14.    On or about June 2, 2004, CURRY once again had notice when Bruce Garner, Chief Operating Officer for CURRY, agreed to produce CURRY employees, Tracy Heath and Scott Roberts for their respective discovery deposition regarding the underlying event or claim. See letter dated June 2, 2004 attached as "Exhibit 5".

15.    On June 8, 2004, with knowledge of the underlying event or claim, CURRY produced its employees, Tracy Heath and Scott Roberts, for their discovery deposition regarding the underlying event or claim.

16.    On July 27, 2004, BROUGHTON filed its third party complaint against CURRY.

17.    On November 9, 2004, AMERICAN STATES was notified for the first time of the underlying event or claim.

18.    Prior to November 9, 2004, AMERICAN STATES was not notified of the underlying event or claim by CURRY.

19.    Prior to November 9, 2004, AMERICAN STATES was not notified by anyone regarding the underlying event or claim.

20.    Prior to November 9, 2004, AMERICAN STATES was not aware of the underlying event or claim.

21.    On November 11, 2004, CURRY for the first time provided AMERICAN STATES with documents in its possession regarding the underlying event or claim.

22.    Prior to November 11, 2004, AMERICAN STATES did not have any legal documents or pleadings regarding the underlying event or claim.

23.    The policy, endorsement ILLINOIS CHANGES, which modifies **SECTION IV –**

**COMMERCIAL GENERAL LIABILITY CONDITIONS,** states as follows:

> "Condition 2. DUTIES IN THE EVENT OF OCCURENCE, CLAIM OR SUIT (SECTION IV) is replaced by the following:
>
> **2.     Duties In the Event of Event or claim, Offense, Claim or Suit.**
>
> **a.**     You must see to it that we are <u>notified as soon as practicable</u> of an "event or claim" or an offense which may result in a claim.  To the extent possible, notice should include:
> (1)     How, when and where the "event or claim" or offense took place;
> (2)     The names and addresses of any injured persons and witnesses; and
> (3)     The nature and location of any injury or damage arising out of the "event or claim or offense.
>
> **b.**     If a claim is made or "suit" is brought against any insured, you must:
> (1)     Immediately record the specifics of the claim or "suit" and the date received; and,

- 5 -

(2)    Notify us as soon as practicable.
You must see to it that we receive written notice of the
claim or "suit" as soon as practicable.

c.    You and any other involved insured must:
(1)    Immediately send us copies of any demands,
notices, summonses or legal papers received in
connection with the claim or "suit,"
(2)    Authorize us to obtain records and other
information;
(3)    Cooperate with us in the investigation,
settlement or defense of the claim or "suit," and,
(4)    Assist us, upon our request, in the enforcement of
any right against any person or organization which may
be liable to the insured because of injury or damage to
which this insurance may also apply.

d.    No insureds will, except at their own cost,
voluntarily make a payment, assume any obligation, or
incur any expense, other than for first aid, without our
consent."

24.    The subpoena issued April 1, 2004, requested information and documents
regarding the use, collection, sale and delivery of flyash, ash and/or scrubber sludge. The
subpoena was sufficient to put CURRY on notice of the possibility of a lawsuit for damages
against CURRY.

25.    The June 2, 2004 request for the depositions of CURRY employees was sufficient
to put CURRY on notice of the possibility of a lawsuit for damages against CURRY.

26.    The June 8, 2004 depositions of the CURRY employees were sufficient to put
CURRY on notice of the possibility of a lawsuit for damages against CURRY.

27.    The events as stated in the third party complaint in the underlying lawsuit
constitute an "event or claim" as defined by the policy.

28.    On April 1, 2004, CURRY, was aware possible injuries which may result in a
claim or lawsuit against CURRY.

- 6 -

29.    On April 1, 2004, CURRY, was aware of an event or claim which could possibly result in a claim or lawsuit against CURRY.

30.    CURRY failed to notify AMERICAN STATES of any event or claim for over seven months following its knowledge of the underlying event or claim.

31.    CURRY failed to notify AMERICAN STATES of how, when and where the underlying event or claim took place for over seven months following its knowledge of the underlying event or claim.

32.    CURRY failed to notify AMERICAN STATES of the names and addresses of any witnesses of the underlying event or claim for over seven months following its knowledge of the underlying event or claim.

33.    CURRY failed to notify AMERICAN STATES of the nature and location of the alleged damage arising out of the underlying event or claim for over seven months following its knowledge of the underlying event or claim.

34.    CURRY failed to comply with the policy's condition of notifying AMERICAN STATES as soon as practicable of an event or claim which may result in a claim.

35.    CURRY failed to comply with the policy's condition of notifying AMERICAN STATES as soon as practicable of an actual claim.

36.    CURRY failed to comply with the policy's condition of providing AMERICAN STATES with records and documents in its possession regarding the actual lawsuit as soon as practicable.

37.    As a result of CURRY'S failure to comply with the policy's conditions, AMERICAN STATES does not owe any defense or indemnity in the underlying lawsuit.

38.    On December 8, 2004, AMERICAN STATES issued a letter to CURRY denying

any defense or indemnity obligations in the underlying lawsuit due CURRY'S failure to notify

AMERICAN STATES pursuant to the policy's conditions. A copy of the December 8, 2004

letter is attached hereto and incorporated herein as **"Exhibit 6."**

WHEREFORE, the Plaintiff, AMERICAN STATES INSURANCE COMPANY

demands judgment as follows:

> (1)    A declaration by this Court that AMERICAN STATES
> INSURANCE COMPANY has no duty to defend CURRY in the
> underlying lawsuit, Case No.02 L 0147, and appeal of same;
>
> (2)    A declaration by this Court that AMERICAN STATES
> INSURANCE COMPANY has no duty to indemnify CURRY in
> the underlying lawsuit, Case No. 02 L 0147, and appeal of same.
>
> (3)    Such other relief, legal or equitable, as This Honorable
> Court may deem just and proper.

### COUNT II

### CURRY ICE & COAL, INC. – FAILURE TO COOPERATE

1.-38. AMERICAN STATES INSURANCE COMPANY repeats, realleges and

incorporates as paragraphs 1 through 38 above as its allegations Nos. 1 through 38 of this Count

II.

39.    CURRY failed to comply with the policy's condition of cooperating with

AMERICAN STATES in the investigation settlement and defense by participating in discovery

without first notifying AMERICAN STATES of the actual lawsuit.

WHEREFORE, the Plaintiff, AMERICAN STATES INSURANCE COMPANY

demands judgment as follows:

> (1)    A declaration by this Court that AMERICAN STATES
> INSURANCE COMPANY has no duty to defend CURRY in the
> underlying lawsuit, Case No.02 L 0147, and appeal of same;

(2)    A declaration by this Court that AMERICAN STATES INSURANCE COMPANY has no duty to indemnify CURRY in the underlying lawsuit, Case No. 02 L 0147, and appeal of same.

(3)    Such other relief, legal or equitable, as This Honorable Court may deem just and proper.

## COUNT III

### CURRY ICE & COAL, INC. – NO OCCURENCE

1.-39.  AMERICAN STATES INSURANCE COMPANY repeats, realleges and incorporates as paragraphs 1 through 39 of COUNT II as its allegations Nos. 1 through 39 of this Count III.

40.    The policy, SECTION V – DEFINITIONS, paragraph 9, states as follows:

. . .

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

41.    That the event or incident on the date alleged is not an occurrence as defined by the policy during the policy period.

WHEREFORE, the Plaintiff, AMERICAN STATES INSURANCE COMPANY demands judgment as follows:

(1)    A declaration by this Court that AMERICAN STATES INSURANCE COMPANY has no duty to defend CURRY in the underlying lawsuit, Case No.02 L 0147, and appeal of same;

(2)    A declaration by this Court that AMERICAN STATES INSURANCE COMPANY has no duty to indemnify CURRY in the underlying lawsuit, Case No. 02 L 0147, and appeal of same.

(3)    Such other relief, legal or equitable, as This Honorable Court may deem just and proper.

## COUNT IV

## CURRY ICE & COAL, INC. – NO COVERED DAMAGE TO PROPERTY

1.-39.   AMERICAN   STATES   INSURANCE   COMPANY   repeats,   realleges   and

incorporates as paragraphs 1 through 39 of COUNT II as its allegations Nos. 1 through 39 of this

Count IV.

40.    That Section I of the policy provides in pertinent part as follows:

**"SECTION I – COVERAGES**

**COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\* \* \*

**2.    Exclusions**

This insurance does not apply to:

\* \* \*

    **l.    Damage to Your Work**

        "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

\* \* \*

    **m.    Damage to Impaired Property or Property Not Physically Injured**

        "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

- 10 -

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.    Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)    "Your product";

(2)    "Your work"; or

(3)    "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\* \* \*

## SECTION V – DEFINITIONS

\* \* \*

**14.    "Products-completed operations hazard":**

**a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)**    Products that are still in your physical possession; or

**(2)**    Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times:

**(a)**    When all of the work called for in your contract has been completed.

  **(b)**  When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

  **(c)**  When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

  Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

* * *

**15.**  "Property damage" means:

  **a.**  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.**  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

**18.**  . . .
"Your product" includes:

  **a.**  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

  **b.**  The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

**19.**  "Your work" means:

  **a.**  Work or operations performed by you or on your behalf; and

  **b.**  Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

**a.**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**b.**    The providing of or failure to provide warnings or instructions.

WHEREFORE, the Plaintiff, AMERICAN STATES INSURANCE COMPANY demands judgment as follows:

(1)    A declaration by this Court that AMERICAN STATES INSURANCE COMPANY has no duty to defend CURRY in the underlying lawsuit, Case No.02 L 0147, and appeal of same;

(2)    A declaration by this Court that AMERICAN STATES INSURANCE COMPANY has no duty to indemnify CURRY in the underlying lawsuit, Case No. 02 L 0147, and appeal of same.

(3)    Such other relief, legal or equitable, as This Honorable Court may deem just and proper.

Respectfully submitted,

RUSIN MACIOROWSKI & FRIEDMAN, LTD.

By:    *s/ Gregory G. Vacala*
Gregory G. Vacala, one of the attorneys for
Plaintiff, AMERICAN STATES INSURANCE
COMPANY

Gregory G. Vacala #6184543
James C. Barrow #6269376
RUSIN MACIOROWSKI & FRIEDMAN, LTD.
Attorneys for Plaintiff, American States Insurance Company
10 S. Riverside Plaza, Suite 1530
Chicago, Illinois 60606
Tel: (312) 454-5110
Fax: (312) 454-6166

F:\DOCS\0783\55\00296351.DOC